'Argued November 11, decided November 20, 1913.

## SCHEURMANN *v.* MATHISON.

(136 Pac. 330.)

**Master and Servant—Injuries to Servant—Negligence—Unavoidable Accident—Evidence.**

1.  Plaintiff, who had been employed on a building for several days, on Saturday afternoon left his tools in a corner on the second floor, there being then no partitions in that part of the building.    When he returned on Monday partitions had been put in, leaving a hallway through which he was compelled to pass to get his tools.    The rear of the hallway was not lighted, and he stepped into an open hole in the floor and fell to the floor below.    *Held,* that such facts were insufficient to justify an instruction on unavoidable accident, since if the hole was unguarded or insufficiently guarded defendant was negli-

gent, and if it was sufficiently. guarded and plaintiff went over the guard and fell in consequence, or, if the aperture was unguarded, and the danger was so apparent that one in the exercise of ordinary care ought to have avoided it, plaintiff would be negligent, and could not recover.

> [As to duty of employer to furnish safe place to work, see note in 97 Am. St. Rep. 884. As to duty to provide safe place for employee to pass to and from work, see note in Ann. Cas. 1913E, 1033.]

### Trial—Request to Charge—Instructions Given.

2. An instruction that the proof of the accident alone did not entitle plaintiff to recover without proof of negligence, and if it was an accident without any negligence, then plaintiff could not recover, sufficiently covered a request to charge that an accident might happen, and a person be injured, without fault or negligence of anyone, and if plaintiff's injuries resulted from a pure accident, he could not recover, etc.

### Trial—Request to Charge—Duty to Give—Particular Language.

3. It is not error to refuse to give an instruction in the language requested, where the same matter is given in other language in the general charge.

### Trial—Instructions—Issues.

4. In an action for injuries, a request to charge that plaintiff could not recover for doctor's fees or hospital bills was properly refused, where no claim was made in the complaint, and no testimony offered as to any damages by reason of physician fees or hospital expenses.

From Multnomah: HENRY E. McGINN, Judge.

Department 1. Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action by Jacob Scheurmann against S. Mathison and Gust Anderson, doing business as Mathison & Anderson, a copartnership, for damages for personal injuries. The complaint alleged and the testimony on behalf of plaintiff tended to ·show that he had been employed for several days at masonry work on the building; that on Saturday afternoon he left his tools in a corner on the second floor; that there were then no partitions in this part of the building, but that on Monday, when he returned partitions had been put in, leaving a hallway through which he was compelled to pass to get to the place where he had

left his tools; that there was no light in the rear end of the hallway, and that, when proceeding carefully along, he stepped into an open hole or hatchway in the floor and fell a distance of 17 feet to the floor below, sustaining the injuries complained of; and that the hole was entirely unguarded in any way. The defendant denied any negligence on its part, alleging that the hole was sufficiently guarded, and charging contributory negligence on the part of plaintiff, and introduced evidence tending to show that plaintiff knew of the existence of the hole, and that there was sufficient light to have disclosed its existence. On the trial defendants requested the following instructions: "An accident may happen and a person be injured without the fault or negligence of anyone, and if you believe from the evidence herein that the plaintiff fell and was injured, and believe from a preponderance of the evidence that under all of the circumstances the fall of the plaintiff resulted from a pure or unavoidable accident, then the plaintiff cannot recover, and your verdict should be for the defendants. * * The fact that the plaintiff in this case fell while in the building, as alleged in the complaint, raises no presumption that the defendants were guilty of negligence as charged, nor that the defendants were to blame for the accident, but before the plaintiff can recover he must prove the allegations of his complaint by a preponderance of the evidence. * * The plaintiff in this case has not asked for anything by way of doctor's fees or hospital bills, between the time of the said accident and the filing of said complaint, and I instruct you that if you should consider the question of damages in this case, you should not allow any damages on account of these items. * * You are instructed that you must disregard any feelings of sympathy that you may have in this case for

the injured person, and base your verdict entirely upon the evidence introduced herein and the instructions of the court."        AFFIRMED.

For appellant there was a brief over the name of *Messrs. Wilbur & Spencer,* with an oral argument by *Mr. M. E. Crumpacker.*

For respondent there was a brief over the names of *Mr. A. E. Clark, Mr. M. H. Clark* and *Mr. R. F. Peters,* with an oral argument by *Mr. Peters.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1. There was nothing in the testimony to justify the court in instructing in respect to an unavoidable accident. If the hole was unguarded, or insufficiently guarded, as claimed by plaintiff, it follows as a necessary consequence that defendant was negligent. If it was sufficiently guarded, and plaintiff went over the guard and fell in consequence, it follows logically that he was not exercising reasonable care and was negligent; or, if the aperture was unguarded, and the danger was so apparent that a person in the exercise of ordinary care ought to have seen and avoided it, he was guilty of such contributory negligence as should have precluded a recovery. There is absolutely no room for saying that the testimony presents a case of unavoidable accident. It is a case where one party or the other, or both, were negligent.

2. The court, however, gave the following instruction, which we think covered the matter requested and refused: "The accident alone does not entitle him to recover in this case without proof of negligence, and if it was an accident without any negligence, then of course there can be no recovery by the plaintiff."

3. The second requested instruction, we think, was sufficiently covered by that portion of the general

charge which reads as follows: "He can recover only upon the causes which are set forth in his complaint—failure to inclose that opening there, and because of improper light. The defendants do not insure the men who come into their employ, but they do undertake to exercise the care which is required by the statute of 1910, to which I have directed your attention. In this case the burden of proof is upon the plaintiff to prove to your satisfaction, by an outweighing or by preponderance of the evidence, as we say, that the defendants were negligent, and that their negligence was the proximate cause of the injury which came to him, and that he has been damaged thereby. The defendants have pleaded contributory negligence, and as to that the burden of proof is upon them, but in all other respects it is upon the plaintiff. Excepting as to contributory negligence the plaintiff is the burden bearer in this case, and must convince you of his cause by a preponderance of evidence. * * If he has not sustained the burden of proof, and the other side has made it appear that the weight of testimony is with them, then the defendants are entitled to your verdict. If you find that the scales hang so evenly that you cannot say that the preponderance is one way or the other upon any issue which the plaintiff is bound to sustain by a preponderance of the testimony, then there has not been a preponderance upon his side. It must weigh more, and if it does not weigh more in the way I have indicated, the defendants are entitled to your verdict." It is not error for the court to refuse to give an instruction in the language requested if the same matter is given in other language in the general charge: *State* v. *McDaniel,* 39 Or. 184 (65 Pac. 520); *State* v. *Megorden,* 49 Or. 259 (88 Pac. 306, 14 Ann. Cas. 130); *Galvin* v. *Brown & McCabe,* 53 Or. 489 (101 Pac. 671).

4. The third request was properly refused for the reason that no claim was made in the complaint and no testimony offered as to any damages by reason of physician fees or hospital expenses: *Davis* v. *Shepherd,* 31 Colo. 141 (72 Pac. 57).

The fourth request was for a cautionary instruction to the jury, admonishing them not to allow sympathy for the plaintiff to influence their verdict, the giving of which is usually held to be a matter of discretion with the trial court: *State* v. *Megorden,* 49 Or. 259 (88 Pac. 306, 14 Ann. Cas. 130) ; *Birmingham Fire Ins. Co.* v. *Pulver,* 126 Ill. 329 (18 N. E. 804, 9 Am. St. Rep. 598) ; *Central Branch U. P. R. Co.* v. *Andrews,* 41 Kan. 370 (21 Pac. 276). At circuit in this state the practice has not been uniform. Some judges always give cautionary instructions similar to those requested in the case at bar, while others refuse to give them. The writer when upon the circuit bench was in the habit of giving such an instruction as a matter of course in cases of this character and in trials for homicide, but is not certain that it ever had a particle of effect, as no juryman is ever aware that his opinion is being affected by the subtle influence of sympathy.

The trial in this case seems to have been very fair, the issues well presented in the instructions, and the verdict moderate.

The judgment is therefore affirmed.

AFFIRMED.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.