Argued January 3, affirmed January 30, 1917.

# BARNHART *v.* NORTH PACIFIC LUMBER CO.

(162 Pac. 843.)

**Master and Servant—Verdict—Implied Findings.**

1. In a servant's action for injuries alleged by defendant to have been caused by the negligence of a fellow-servant, a verdict for the plaintiff implies. that the jury found that the injury was caused by defendant's negligence and not that of the fellow-servant.

**Trial—Instructions.**

2. Refusal of a requested instruction covered by given instructions is not error.

**Master and Servant—Evidence—Sufficiency.**

3. In a servant's action for injuries, evidence *held* sufficient to take plaintiff's contention as to the cause of his injury to the jury..

**Trial—Instructions—Cure by Other Instructions.**

4. In a servant's action for injuries, where the court made it clear in another part of the charge that the Employers' Liability Act (Laws. 1911, p. 16) only requires the use of practicable devices and precautions, the defendant cannot complain that the court omitted the element of practicability from two of the instructions.

**Trial—Cautionary Instructions—Discretion of Court.**

5. The giving of cautionary instruction is within the discretion of the court.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 2.   Statement by MR. JUSTICE HARRIS.

Henry Barnhart was injured while employed as an edgerman in a sawmill operated by the North Pacific Lumber Company.   The plaintiff obtained a verdict. and judgment in an action for damages, and the de-

fendant appealed. The edger is a machine with several saws. There is an open space of about three feet between the edger and a set of dead rolls, and it was the duty of the plaintiff to stand in this open space and adjust the saws and to operate the machine and put lumber through it. The set or line of dead rolls in front of the edger, according to the complaint, is about 12 feet in length. On one side of and about three feet from and parallel with the row of dead rolls is a line of live rolls extending along the mill about 40 feet to the pony saw. The main saw is on one side of the mill and the pony saw on the other. Cants are conveyed from the main saw by means of a traveling crane over to the pony carriage. When a piece of lumber is sawed from a cant by running it through the pony saw, the piece is carried by the live rolls until it arrives at the side of the dead rolls, and then it is transferred from the live rolls to the dead rolls by means of chains fashioned like belts and operated by steam power; the lumber is then shoved along the dead rolls by hand and put through the edger. While engaged in adjusting the edger saws and standing with his back to the set of dead rolls, a piece of lumber on the dead rolls was shoved against the plaintiff, causing his hand to be caught in the edger and injured. In substance, the complaint alleges that a piece of lumber was being conveyed from the pony saw along the live rolls, and, instead of remaining on the live rolls, the forward end of the piece of lumber veered from the line of the live rolls and struck a piece of lumber on the dead rolls, causing the latter piece to be shoved against the plaintiff and thus causing him to be thrown against the edger and his hand to be injured by the machine. The plaintiff avers that his work involved a risk and danger, and that his employer violated the Employers'

Liability Act by failing to install a guard on the live rolls or to provide an offbearer to keep each piece of lumber on the live rolls until it reached the point where it was to be transferred to the dead rolls.

The answer alleges that the defendant was entirely free from negligence, and that the injury sustained by plaintiff was caused solely by the act of a fellow-servant, who shoved a piece of lumber along the dead rolls against the plaintiff.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. F. C. Howell* and *Messrs. Wilbur, Spencer & Beckett,* with an oral argument by *Mr. Howell.*

For respondent there was a brief over the name of *Messrs. Giltner & Sewall,* with an oral argument by *Mr. R. R. Giltner.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. For the purpose of this appeal we may assume that both litigants admit that the plaintiff was injured, and that the injury was caused by a piece of lumber on the dead rolls being shoved against him. The point in controversy was whether Tony Mike, a fellow-servant, shoved the lumber against the plaintiff as claimed by the defendant or whether a piece of lumber veered from the live rolls and struck the lumber on the dead rolls as claimed by plaintiff.    Speaking to the jury the trial court said:

"If you find from the evidence that the defendant was not guilty of negligence set forth in the complaint under the law referred to, but that the accident happened solely because of the negligence of Tony Mike, then your verdict should be for the defendant."

The jury returned a verdict for the plaintiff and the verdict implies that the jury found that the injury was caused, not by the negligence of Tony Mike, but by the negligence of the defendant in not installing a guard on the rolls or by failing to provide an offbearer.

2. The defendant complains because the court did not give a lengthy instruction concerning Tony Mike as a fellow-servant and the consequences of an injury caused by him alone; but, since the instruction given by the court told the jury in a few plain words what the requested instruction of the defendant would have told in many words, there can be no room to contend that the defendant was injured.

3. The court properly denied defendant's motion for an instructed verdict. The plaintiff testified thus:

"I was struck on the legs by a piece of lumber on the dead rolls which was pushed forward by another piece of lumber then being carried forward on the live rolls."

Continuing, he stated that he looked around and saw Tony Mike over on the main side of the mill where he had gone to assist in bringing a cant to the pony carriage, and that Tony Mike had been helping to bring cants over to the pony carriage, in the language of the plaintiff, "since I be there." Barnhart also testified that Tony Mike stood at one end of the dead rolls and next to the live rolls, and worked as an off-bearer; "when he got time he worked over there, whenever he had time." There was evidence to sustain the contention of the plaintiff, and, notwithstanding the quantity of evidence to the contrary, he was entitled to have the facts determined by the jury.

At the time of the preparation of the bill of exceptions the defendant insisted that the plaintiff had not testified at the trial that he "was struck on the legs

by a piece of lumber on the dead rolls which was pushed forward by another piece of lumber then being carried forward on the live rolls.'' The trial court expressly found that the answer was given by Barnhart when a witness. In addition to its appearance in the bill of exceptions, the quoted answer appears in the transcript of the testimony over the certificate of the official reporter; and, furthermore, 11 of the jurors say that the bill of exceptions correctly reports the testimony of Barnhart. Even though it be assumed, without deciding, that the instant case is not governed by *Allen* v. *Standard Box & Lumber Co.,* 53 Or. 10, 16 (96 Pac. 1109, 97 Pac. 555, 98 Pac. 509), and that the certificate of the trial judge is not conclusive, nevertheless the showing made by the defendant is not sufficient to overcome the finding made by the trial court.

· 4. The defendant insists that the court committed prejudicial error in omitting the element of practicability from two instructions. The court made it clear to the jury in another part of the charge that the Employers' Liability Act (Chapter 3, Laws 1911) only requires the use of practicable devices and precautions, for the court said:

· ''The law made it the positive duty of the employer to use, under said circumstances and conditions, every device, care and precaution which it was practicable to use for the protection and safety of the life and limb of plaintiff, limited only by the necessity of preserving the efficiency of the machinery, apparatus or device which was being used, without regard to the additional cost of suitable material, safety appliances or devices.''

Afterward the court again told the jury that:

''The question for you to determine is, first, was this a dangerous machine, and, if so, the defendant must use every care, device and precaution to protect the employee from being injured if it is practical to do so.

Of course, you realize that if it is impractical, he is not required to do so."

The defendant has no just ground for complaint when the charge is taken in its entirety.

5. There was no abuse of discretion in refusing to give a cautionary instruction: *Scheurmann* v. *Mathison,* 67 Or. 419, 424 (136 Pac. 330, 7 N. C. C. A. 1071); *Nordin* v. *Lovegren Lumber Co.,* 80 Or. 140, 149 (156 Pac. 587); *Childers* v. *Brown,* 81 Or. 1 (158 Pac. 166).

The judgment is affirmed.                    AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE BENSON concur.