Argued March 15, affirmed September 25, 1928.

HOWARD KITCHEL *v.* HARRY GALLAGHER.

(270 Pac. 488.)

For appellants there was a brief over the name of *Messrs. Winter & Maguire*, with an oral argument by *Mr. Robert F. Maguire*.

For respondent there was a brief over the names of *Mr. J. B. Pfouts, Mr. W. M. Davis* and *Mr. Paul R. Harris*, with an oral argument by *Mr. Harris*.

COSHOW, J.—■ We have very carefully examined all the assignments of error as to the ruling of the court on the admission of evidence and the motions to strike certain evidence. We think that there was no error in the court's ruling. The only ruling on the matter that admits of doubt was the court's ruling upon the testimony sought to be adduced from plaintiff on cross-examination. The court seemed to entertain the opinion that plaintiff could not be questioned regarding his oral statements because a statement had been made by plaintiff and reduced to writing by an investigator for an insurance company.

Counsel for defendant stated that he was propounding the questions for the purpose of impeachment. We think for that purpose defendant was entitled to have questions answered touching other statements made by plaintiff. But defendant did not lay a proper foundation for impeachment. Statements made by a party may be proved by other witnesses when such statements are against the party's interest, but if a party is sought to be impeached then proper foundation must be laid for the impeaching questions. This was not done in this case. For that reason defendant was not entitled to have the alleged impeaching questions answered.

 The court properly ruled upon the motion for an involuntary nonsuit. There was evidence tending to prove some of the alleged acts of negligence on the part of defendant Harry Gallagher. He was not personally driving the truck, but his employee was and defendant Harry Gallagher as owner of the truck was responsible for his agent's conduct while in the performance of his duty. The able counsel for defendant argue very earnestly that there was no evidence of any act of negligence on the part of said defendant. There was testimony that the said defendant cut the corner and proceeded along the Lasen Road on the left-hand side of the road; that plaintiff and his horse being blinded by the lights from the automobile endeavored to avoid a collision by going to the extreme right and in doing so, plaintiff's horse stepped so near the edge of the improved part of said road that his foot slipped over the border and down the slope; that the horse in recovering his balance and footing lunged against the rear of the truck causing the injuries suffered by plaintiff. This constituted suffi-

cient evidence to carry the case to the jury. In this connection defendant further insists that the allegation in the complaint was that the collision occurred in the intersection of the Lasen Road with the Mt. Hood Loop Highway. The complaint will bear that construction. Testimony, however, of the exact place of the accident was admitted without objection, and the collision occurred so near the intersection that plaintiff is now entitled to the benefit of his testimony in that regard. The allegation regarding the place of the collision, after referring to the intersection aforesaid, is as follows: " * * at said time and place struck the plaintiff." "At" means by or near, and the collision actually occurred in comparatively few feet from the intersection. Although traveling at the rate of 10 miles an hour, the collision occurred within less than two seconds after passing through the intersection. The jury could rightfully infer from the testimony given that cutting the corner and proceeding on the left-hand side of the road was the immediate cause of plaintiff's horse stumbling, resulting in the injuries to plaintiff. We do not consider important the contention made by defendant that the truck did not strike the plaintiff or his horse, but that the latter struck defendant's truck as the result of defendant driving his truck on the wrong side of the road. Then, the jury has a right to conclude that the proximate cause of the collision was defendant cutting the corner and proceeding on the wrong side of the road to the place where the collision occurred. The question is one peculiarly for a jury to determine. The case of *Carruthers* v. *Campbell,* 195 Iowa, 390 (192 N. W. 138, 28 A. L. R. 949), cited by defendant, clearly sustains our view that the question presented

and in this paragraph mentioned are questions for the jury.

■ Assignments numbered 7, 8 and 9 all go to the same identical matter. They grew out of wrangling between counsel for the parties. Both parties were very ably represented in the case and it seems to this court spent too much time and occupied too much space wrangling about trivial matters. The question was propounded by attorney for plaintiff ''and sent you that report?'' There was evidence that the insurance commissioner of the state had made some investigation of the collision. Defense put on the witness-stand a Mr. Sowers, who had sought and secured a statement from plaintiff regarding the cause and manner of the accident. This statement differed materially in some particulars from the testimony of plaintiff. Defendant put on the witness-stand the party who had made the investigation and procured the statement. At that time the fact was brought out that he was representing an insurance company. For that reason defendant is in no position to take advantage of the fact that evidence that defendant was insured was taken to the jury. Defendant has no right to complain because counsel made some reference to that insurance company. Counsel for plaintiff did not abuse his privilege.

■ Assignment No. 10 is based upon the court's refusal to instruct the jury to disregard a certain statement made by plaintiff in reference to a document not in evidence. This statement came out, like a good many other matters, in a colloquy between the attorneys and was not prejudicial to defendant. The trial court in the nature of things must be allowed considerable discretion in the manner of conducting a trial. The statement referred

to is as follows: "I didn't fall off the horse at the time I hit the truck, but stayed on for a distance of 35 or 40 feet." This is in accord with plaintiff's testimony, and we cannot perceive how it could possibly prejudice defendant's case.

■ Assignment No. 11 is based upon the court refusing one of defendant's counsel the privilege to complete an answer to a question. The unanswered portion of that question, as far as we are able to judge by the record, would have been argumentative, although defendant terms it an explanation. We concur with the ruling of the trial court in sustaining the objection.

For the same reasons that the court was correct in denying the motion for an involuntary nonsuit, it was correct in denying the motion for a directed verdict which was the twelfth assignment of error.

■ The court did not err in refusing to instruct the jury to disregard the statement of counsel for plaintiff to the effect that the matter had been investigated by the insurance commissioner of this state. Reference was made to that matter in a statement by counsel for defendant during the trial. Plaintiff's remarks were not prejudicial to defendant's case.

■ The instructions objected to by defendant we think correctly stated the law. We have already stated in considering the motion for nonsuit our reason for sustaining the court in that ruling. The same reason applies to the objections to the instructions given. Much complaint is made because the court instructed the jury to the effect that it is the law of this state that all vehicles approaching an intersection of a state road or highway with the intention of turning thereat shall in turning to the left run to and beyond the center of the intersection

before so doing. That statute so reads: Laws 1925, Chap. 165, subds. 9, 14. This court has no right to modify or repeal that statute because compliance with that law may be at some time impractical or cumbersome. There was testimony that defendant's truck was on the left half of the road. This court cannot say as a matter of law from the evidence before us that defendant's truck could not have literally complied with the law. Judging from the photographs introduced in evidence it could have easily done so. Defendant also complains because the court ruled travel must proceed on the right half of the road. The court correctly stated the law. But whether or not defendant's truck was on the right or left half of the road was for the jury to determine. The jury had the photographs before them and heard the testimony. This presents a question of fact, not one of law. What we have said also disposes of all of the objections raised to the instructions given with the exception of the instruction given at the request of defendant and as an afterthought. One of the defenses was that the collision was an unavoidable accident. Defendant was of the impression that the learned judge presiding had not instructed the jury on that defense. The judge thought he had and at first refused to give any further instruction, but upon the persistence of the learned counsel gave an instruction which, if the court is correctly reported, is confusing. It is difficult to understand just what the court did intend to say. The concluding sentence, however, in the instruction is as follows: "That is, those (referring to accidents), of course, that happen that are unavoidable, that nobody is to blame for, of course nobody can recover." We think this excerpt

from that instruction informed the jury clearly. What had gone before we do not believe could possibly have misled the jury. We repeat the matter that had gone before in this particular instruction is ambiguous but was not necessarily misleading to the jury on that account. We also believe that the instruction was not necessary; that the general instructions of the court, wherein he charged the jury that plaintiff must prove defendant negligent before plaintiff could recover, sufficiently covered the point. The court also fully instructed the jury that defendant's negligence, if any, must have been the proximate cause of plaintiff's injuries. He also instructed the jury that if plaintiff was guilty of negligence contributing to his injuries he could not recover.

Other instructions clearly informed the jury that plaintiff must recover upon the specific allegations of negligence in his complaint and that if the defendant was not negligent or if his negligence was not the proximate cause of the collision, plaintiff could not recover. We think the court instructed the jury completely and thoroughly, and that the jury could not have been misled to any degree by the ambiguous instruction on unavoidable accidents.

The instructions requested by defendant and not given simply raised the questions again which had been previously raised by motions for nonsuit and directed verdict. Defendant was not entitled to any of them because it requested the court to say that there was no evidence upon any of the allegations on which negligence was based. There was testimony sufficient to go to the jury of defendant's negligence in several particulars, and if defendant was guilty of any of the acts of negligence stated in

the complaint and that negligence was the proximate cause of plaintiff's injuries he was entitled to recover.

The judgment is affirmed. AFFIRMED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.