Argued October 8; affirmed November 2, 1937

# MURPHY v. READ

(72 P. (2d) 935)

*Donald K. Grant*, of Portland (Maguire, Shields & Morrison, of Portland, on the brief), for appellant.

*Barnett H. Goldstein*, of Portland (Arthur B. Baines, Jr., of Portland, on the brief), for respondent.

KELLY, J. On January 15, 1936, at about 6:45 a. m. plaintiff, a pedestrian, was walking in a westerly direction upon and along the northerly crosswalk of Northeast Going street where the same intersects Northeast Union avenue in the city of Portland, Multnomah county, Oregon, said crosswalk being the pedestrians' lane of traffic thereat. Defendant was driving his automobile in a northerly direction. There was another car in front of defendant's approaching said pedestrians' lane. As said car ahead came in close proximity to plaintiff, plaintiff emerged from in front of said car ahead and defendant failed to yield to her the right of way but collided with her to her personal damage and injury.

■ The question here involved is whether, on the ground of inevitable or unavoidable accident, defendant may excuse himself from failing to anticipate that the plaintiff, a pedestrian in the pedestrians' lane of traffic, might suddenly emerge from in front of the other car. We think not.

■■ The defendant, in the exercise of ordinary care should have driven his automobile at such a speed that he could have stopped in time to avoid striking plaintiff while she was in the pedestrians' lane of traffic and free from negligence on her part. The fact that the car ahead avoided striking plaintiff by swerving to the right did not relieve defendant from the necessity of controlling the speed of his car in anticipation of the presence of pedestrians where they had a right to be.

■ In all collisions, a time comes before the actual impact when no human power can prevent it; but the one who by his negligence has brought about that situation cannot avoid liability on the ground that the impact was unavoidable or inevitable. The question is, did the

defendant's negligence either with or without the concurrence of negligence of any other tortfeasor produce or cause the situation which rendered it impossible to avoid injuring plaintiff.

In the case at bar, plaintiff, herself, is absolved from any charge of negligence. Clearly, if in approaching the place of the accident, defendant had operated his car at a speed which would have enabled him to stop on seeing a pedestrian exercising due care in the pedestrians' lane or traffic in front of him, no injury would have ensued.

In *Daniels v. Riverview Dairy,* 132 Or. 549 (287 P. 77), the instruction upon an unavoidable accident as given was held to be "indeed favorable to the defendant".

In *Archer v. Gage,* 126 Or. 532 (270 P. 521), the plaintiff's decedent darted out in front of an auto bus which had left the main highway for the purpose of turning around. Plaintiff's decedent did not have the right of way.

In *Meaney v. Portland Electric Power Co.,* 131 Or. 140 (282 P. 113), defendant was operating a logging train. There was testimony to the effect that the rear brakeman saw an automobile, other than the one in suit, approaching the train at such a speed that a collision was inevitable, and, in order to minimize the damage to that automobile, the brakeman pulled the conductor's emergency valve and stopped the train whereupon the car in which plaintiff was an occupant ran into said train. The train had the right of way on its tracks and had a right to stop in the emergency above stated.

In *Hanks v. Norby,* 152 Or. 610 (54 P. (2d) 836), the testimony indicated that the accident might have

occurred solely because of the negligence of plaintiff's father.

■ In the case at bar, either defendant was negligent in such a manner as to cause the collision or he was not. If it could be said that the driver of the car ahead of defendant was negligent in driving at such a speed that he was compelled to swerve quickly to his right to avoid striking plaintiff, it is obvious that defendant was also negligent in maintaining the same speed. It could not be argued that the driver of the car ahead should have kept his course and run over plaintiff nor that defendant was any less negligent because the driver of the other car did not do that.

■ Moreover, analyzing the definition of an unavoidable accident, which this court has approved, it means simply that the accident occurred without any negligence on the part of either of the parties to the action. In a case where no negligence is charged on the part of plaintiff leaving as the only issue that of alleged negligence on defendant's part, an instruction on unavoidable accident is merely a repetition of the charge that if no negligence has been proven on defendant's part proximately causing the accident the verdict of the jury should be for the defendant. This is what the learned trial judge charged the jury in the case at bar. His failure to repeat it in the form of the requested instruction upon unavoidable accident, in the light of the record of this case, did not constitute reversible error.

In *Kitchel v. Gallagher,* 126 Or. 373, 383 (270 P. 488), where one of the defenses was that of unavoidable accident, this court held that an instruction on the law of unavoidable accident was not necessary for the reason that the general instructions of the court, wherein he charged the jury that plaintiff must prove defendant

negligent before plaintiff could recover sufficiently covered the point.

◼ This court has disapproved the giving of an instruction upon unavoidable accident, where the negligence of defendant has been shown to have been the proximate cause of the collision: *Ordeman v. Watkins,* 114 Or. 581 (236 P. 483). In that case, the collision occurred at the intersection of East 37th street with Sandy boulevard in the city of Portland. The testimony disclosed that it was raining very hard at the time, that the wind was blowing, that there was a large number of automobiles being driven in both directions along Sandy boulevard where it intersects East 37th street, that street cars were passing and that defendant did not see plaintiff or know of her presence until he felt her contact with the car. In that case the negligence of defendant consisted of driving on the wrong side of the street. In the case at bar, defendant's negligence consisted in failing to operate his car at such a speed as to enable him to give the right of way to pedestrians in the pedestrians' lane of traffic.

The question of the propriety of an instruction upon unavoidable accident is discussed in *Snabel v. Barber et al.,* 137 Or. 88, 98 (300 P. 331). There, speaking through Mr. Justice RAND, the court say:

"In a case where a person darts out between automobiles parked on a busy street in such proximity to an approaching automobile that it is impossible to avoid hitting him, or in a case where a person is driving on the right-hand side of a country road and some person darts out immediately in front of his automobile from brush growing alongside of the road, or from a place where the driver's view is obstructed, and in such close proximity to the automobile that no precaution will prevent hitting him, an accident is unavoidable upon

the driver's part. In cases of that character the elements present which relieve the driver of negligence are that he could not have anticipated that anyone would dart out in front of his automobile and that nothing which he could have done before the accident would have prevented its occurrence. One of those elements at least was not present in the instant case. For these reasons we think that it was not error for the court to refuse to charge the jury as requested.''

In the *Snabel-Barber* case, plaintiff had been riding upon a truck driven by his father which had been stopped on the right-hand side of the highway in order for plaintiff to open a gate on the opposite side of the highway so that the truck could be driven into a field and unloaded. The truck was stopped close to the edge of the road and partially on the traveled portion of the highway. Plaintiff got off on the right-hand side of the truck and passed diagonally in front of the truck across the road and before reaching the gate was run into by defendants' automobile. Defendants at the time were driving in the same direction that the truck was headed.

We quote further from the opinion in that case:

''It was the duty of defendants when they saw the truck stop on the edge of their side of the highway, if their automobile was not then under control, to immediately bring it under control and keep it so while passing the truck and to take every reasonable precaution to prevent injuring any person who might get off the truck and attempt to cross the highway in front of them.'' *Snabel v. Barber et al.,* supra.

■ In the case at bar, it was the duty of the defendant upon approaching the pedestrians' lane of traffic to have his automobile under control and to take every reasonable precaution to prevent injuring any pedestrian who might attempt to cross the intersection in

the pedestrians' lane of traffic. Defendant should have anticipated that pedestrians would attempt to cross in said lane in front of him. He failed to do so.

Defendant cites *Scarpelli v. Portland Electric Power Co. et al.,* 130 Or. 267 (278 P. 99), as sustaining his claim that the defense of unavoidable accident is particularly applicable to an accident resulting from an emergency with which defendant was confronted. The Scarpelli case involved a collision by a streetcar operated by the Portland Electric Power Company with a Hudson auto owned by the defendant, Partipilo. The complaint alleged that both of these vehicles were operated negligently. A Chevrolet automobile was being driven a short distance ahead of the Hudson. The Chevrolet stopped preparatory to crossing the railway tracks and entering a private driveway. When the Chevrolet stopped, the driver of the Hudson attempted to avoid a collision with it by steering to the left, disengaging the clutch and applying the brakes. There was ample room between the tracks and the Chevrolet for the Hudson to pass safely. The Hudson, however, skidded for about 55 or 60 feet in the course of which it veered from the right-hand side of the street and took a position on the car tracks with its rear toward the oncoming streetcar. When the motorman saw this situation, he applied the emergency brake and sanded the rails, but his car stopped too late to avoid a collision with the automobile.

In that case, speaking through Mr. Justice ROSSMAN, this court say:

"The presence of an automobile upon the street, or even upon the tracks, does not call for instant action by the motorman; his duty to put his car under control arises when he realizes, or in the exercise of due care ought to realize, that there is danger of a collision; the

authorities are collected in a note to Callahan v. Boston El. Ry. 18 Ann. Cas. 510; but, when it becomes apparent that the vehicle ahead cannot be gotten off of the tracks in time to avoid a collision, the motorman should stop his car; see note to Green v. Louisville Ry. Co., 7 Ann. Cas. 1127.''

■ In the case at bar, it was the duty of defendant at all times to have his car under control and when approaching the pedestrians' lane of traffic at the intersection in suit he should have had his car under such control that he could yield the right-of-way to all pedestrians, who, in the exercise of ordinary care, were using such lane of traffic. The judgment of the circuit court is affirmed.

BEAN, C. J., and ROSSMAN and RAND, JJ., concur.