Argued October 14, affirmed November 4, 1953

## IGO ET AL. *v.* BUTLER ET AL.

262 P. 2d 675

*James O. Goodwin,* of Oregon City, argued the cause for appellants. With him on the brief was Glenn R. Jack, of Oregon City.

*William Hammond,* of Oregon City, argued the cause for respondents. On the brief were Hammond & Hammond, of Oregon City.

Before LATOURETTE, Chief Justice, and WARNER, TOOZE and PERRY, Justices.

TOOZE, J.

This is an action to recover damages for injuries to and destruction of personal property, brought by Ben F. Igo and Robert G. Igo, dba Oregon City Print-

ing and Stationery Company, as plaintiffs, against Mary Glenn Butler and Orval Glenn Butler, executrix and executor of the estate of J. Dean Butler, deceased; and Mary Butler, as defendants. The jury returned a verdict in favor of plaintiffs in the sum of $1,416.73, and judgment was entered against defendants accordingly. Defendants appeal.

Plaintiffs are copartners engaged in the business of printing and in the sale of stationery and office supplies. At all times material to this action, J. Dean Butler, now deceased, and Mary Butler were husband and wife and were the owners of a certain two-story building located on lots 7 and 8, block 6, Oregon City, Clackamas county, Oregon, which building is known as the "Butler Building".

Plaintiffs became tenants in said building in November, 1927, and continuously thereafter occupied store and shop space in a portion of said building on the ground or street floor thereof and in the basement. The Oregon City Abstract Company also occupied space on the ground floor of the building. The second floor was occupied by the law firm of Butler & Jack (J. Dean Butler and Glenn R. Jack), the said J. Dean Butler maintaining his own private office on the second floor immediately above the space occupied by plaintiffs. During his lifetime and until incapacitated by illness, J. Dean Butler managed the building. When J. Dean Butler became unable to carry on his business, his son Orval conducted the management of the building.

At all times herein involved, the Butlers, as owners of the building, made periodical inspections of the premises, including the roof of the building, and undertook to and did make all necessary repairs.

On December 6, 1950, during a heavy rainstorm (not unusual for that section of Oregon), and because the drains designed to handle water falling upon the roof of the building were clogged with maple leaves and other debris, water entered the structure's interior, including the interior of the portion thereof occupied by plaintiffs, and damaged and destroyed certain personal property of plaintiffs located therein. To recover damages for such injuries, this action was commenced.

By their complaint plaintiffs charged the defendants with negligence in failing to keep the roof of the Butler building in good repair, in failing to maintain an adequate drain from the said roof sufficient in size and construction to remove the rainwater therefrom, and in failing to keep the drain free and clear of obstructions. They alleged that defendants' negligence was the proximate cause of the damages sustained. The case was submitted to the jury upon the theory of negligence.

Upon this appeal the assignments of error set forth in defendants' brief present but two questions for our consideration.

■ First, defendants contend that the complaint does not state facts sufficient to constitute a cause of action. No demurrer was filed to the complaint, and the question as to its sufficiency is raised for the first time in this court. For that reason, the complaint must be liberally construed in favor of the pleader. *Kuhnhausen v. Stadelman*, 174 Or 290, 302, 148 P2d 239, 149 P2d 168; *Siverson v. Clanton*, 88 Or 261, 276, 170 P 933, 171 P 1051. The rule is different when a complaint is challenged by demurrer. In that case it is construed most strongly against the pleader. *Windle,*

*Adm'x et al. v. Flinn et al.,* 196 Or 654, 662, 251 P2d 136; *Musgrave et ux. v. Lucas et ux.,* 193 Or 401, 408, 238 P2d 780; *Brosius v. Hazelwood,* 127 Or 635, 637, 271 P 992.

In support of their contention, defendants assert that the complaint fails to allege directly that the landlords (defendants) were in exclusive possession and control of the roof or that portion of the premises which was defective. Authorities are cited in support of the claim that in a case such as this that allegation is necessary to state a cause of action. Plaintiffs quote the following from 51 CJS 1071, Landlord and Tenant:

> "In the absence of statute or express covenant or stipulation, a lessor is not bound to make repairs to the leased property, or to keep it in repair, except to the extent to which he retains control. * * * It has been held that the duty to keep a building, or part of it, in repair is coextensive with the control retained by the landlord, or by either the landlord or the tenant, and that lack of control involves relief, or freedom, from any obligation to repair."

Plaintiffs in their complaint allege that during all the times involved in this proceeding the defendants were the owners of the business building in question. They also allege that during said times they were tenants in the building, occupying store and shop space on the ground floor and in the basement thereof. It also is averred in the complaint that in the leasing agreement (oral) between the parties, it was agreed that defendants would maintain the structure and exterior of said building, including the roof thereof and the drains. In their answer defendants allege that they are the owners of the building "and the plaintiffs as tenants have occupied and are now occupying the

westerly portion of said ground floor space and basement in said building".

■■ Ownership of the building carried with it the right of exclusive possession and control, and this right of possession and control would be presumed to continue until it was surrendered to others. Surrender of possession and control over a part of the building to the plaintiffs (by virtue of the lease) would in no manner affect possession and control over the remainder thereof, in the absence of an agreement to that effect. The answer also discloses that there is a top floor to said building, over and above that portion occupied by plaintiffs. Defendants did not allege that they had surrendered possession and control over those portions of the building not leased to others, and the presumption is that they did not.

■■ Wholly apart from the allegations made by plaintiffs that defendants agreed to maintain the roof and water drains, a fair interpretation of the allegations of the complaint leads us to the conclusion that they do allege possession and control by defendants over those portions of the building not leased to others, although the pleading is not as specific in that regard as it might well be. However, the allegations of the complaint are aided by the new matter alleged in defendants' answer, and, considering both pleadings together, the defect in the complaint, if any, is cured. It is a well-established rule that the failure of a complaint to state a cause of action may be cured by an answer or other pleading in which the omitted facts are stated, for facts alleged by one party need not be pleaded by the other. *Lauderback et al. v. Multnomah County,* 111 Or 681, 687, 226 P 697.

■ A landlord is liable to a tenant whose goods are

injured by water leaking through the roof of the premises, a portion of which the tenant occupies, where the landlord retains control of the roof and permits a drain pipe or conductor leading therefrom to become leaky, out of repair, and obstructed with refuse matter, so that the accumulation of pent up water overflows into the tenant's place of business and damages his property. *Longbotham v. Takeoka et al.,* 115 Or 608, 613, 239 P 105, 43 ALR 1285, and note commencing at page 1292; *Hilden v. Naylor,* 223 Mass 290, 111 NE 848.

Defendants' challenge to the sufficiency of plaintiffs' complaint is without merit.

■ The second contention made by defendants is that the trial court erred in refusing to give the following requested instruction:

> "I instruct you as a matter of law that there is such a thing as an unavoidable accident, and if you find in this case that the leaking of the roof of the Butler Building was unavoidable, then the plaintiffs would not be entitled to recover."

This is an action founded upon negligence. Without discussing the rather incomplete and misleading language of the requested instruction, we again point out that "unavoidable accident" is not an affirmative defense in a case such as this. Defendants' affirmative allegation in their answer that the accident was unavoidable presented no independent issue for determination by the jury. The only issues raised by the pleadings upon the question of liability were whether defendants were negligent in one or more respects as charged against them in plaintiffs' complaint, and whether such negligence, if any, was the proximate cause of the injuries sustained. The burden of proof

rested upon plaintiffs to prove both negligence and proximate cause. If they failed to do so, they were not entitled to recover, and the trial court so instructed the jury. For a defendant to say that an accident was unavoidable is equivalent to saying that it was not caused by his negligence. His plea of unavoidable accident adds nothing whatever to the denial of negligence on his part. The trial court did not err in its refusal to give the requested instruction. *Denton v. Arnstein,* 197 Or 28, 250 P2d 407, 416; *Frangos v. Edmunds,* 179 Or 577, 611, 173 P2d 596.

The judgment is affirmed.