Argued October 29, affirmed December 12, 1956

# HUBBARD *v.* LAMFORD LUMBER CO., INC.

304 P. 2d 943

*Nels Peterson* argued the cause for appellant. On the briefs were Peterson & Pozzi, Berkeley Lent, and Gerald H. Robinson, Portland.

*Harold A. Fabre,* Pendleton, argued the cause for respondent. On the brief were Mautz, Souther, Spaulding, Denecke & Kinsey and James B. O'Hanlon, Portland.

Before WARNER, Chief Justice, and ROSSMAN, LUSK, PERRY and McALLISTER, Justices.

LUSK, J.

This is an action to recover damages for personal injuries based upon negligence. The jury returned a verdict in favor of the defendant, and the plaintiff has appealed from the consequent judgment.

On August 18, 1953, the plaintiff, Leonard Hubbard, was employed as an edgerman in the sawmill of the defendant, Lamford Lumber Co., Inc., a corporation, in Grant County, Oregon. On that day Hubbard was instructed to assist in the repair of a conveyor chute, which ran from the sawmill to a large burner 175 feet distant. The conveyor chute was used to carry waste such as slabs and sawdust from the mill to the burner where it was burned. The repairs were to be made

to the end of the conveyor chute which entered the burner. This was a considerable distance above the ground, and it therefore became necessary to erect a scaffolding inside the burner to afford a place of work for the men engaged in the repair job. The platform of the scaffolding was 22 feet above the ground. The supporting legs were made of 4 x 4 timbers with 3 sets of crosspieces between the ground and the platform to brace the legs. Herman Smith, a carpenter who was in charge of the construction of the scaffolding, testified as a witness for the defendant. He was asked, "What, if anything, did you do about testing it?" and answered, "I just got up on it. That was the only way to test it." He testified further that in selecting lumber for the scaffolding they picked out the best boards and looked them over for knots, but did not find anything "that was dangerous." Hubbard and five other employees of the defendant mounted the platform and were engaged in rolling a heavy pulley,—a part of the conveyor chute mechanism—across the floor of the scaffolding to put it back into place and were about to lift it when the scaffolding collapsed "right out from under us." The side of the scaffolding towards the mill gave way first and Hubbard and two others fell to the ground.

Smith was one of the six men engaged in the repair work. He testified that the accident occurred when a 2 x 8 timber, which was nailed to the uprights as a support for the floor, broke. There was a small knot in this piece which "broke and shived out from that knot."

Plaintiff assigns error to the giving of the following instruction:

"When an accident happens which is a pure accident—that is, one that could not have been pre-

vented by the defendant—then plaintiff can not recover; and if you find in this case that this accident was such an accident as might be called a pure accident, where no one is to blame, and that the defendant was not guilty of any of the negligence as charged, then I instruct you that the plaintiff can not recover, and your verdict would be for the defendant.''

Plaintiff argues that the instruction was abstract and therefore erroneous because, under the evidence, the defendant was guilty of negligence as a matter of law and the jury could not find that the occurrence ''was a pure accident for which no one was to blame.''

The case is governed by the Employees Liability Act, which provides, among other things, that the employer shall see that ''All scaffolding, staging, false work or other temporary structure is constructed to bear four times the maximum weight to be sustained by said structure, and such structure shall not at any time be overloaded or overcrowded.'' ORS 654.310 (2). Violation of this statute was one of the charges of negligence in the complaint, and we may assume for the purposes of this case that the defendant did violate the statute and was therefore guilty of negligence as a matter of law. If that were so an instruction on unavoidable accident would be abstract and erroneous. *Scheurmann v. Mathison*, 67 Or 419, 422, 136 P 330. But in the court below the case was not presented by the plaintiff on the theory that the defendant was guilty of negligence as a matter of law. Counsel for the plaintiff did not ask for a peremptory instruction on any of his charges of negligence. On the contrary, he requested, and the court gave, the following instruction:

''You are instructed that the Employer's Liability Act of the State of Oregon provides that all

scaffolding, staging or other temporary structure is constructed to bear four times the maximum weight to be sustained by said structure.

"In this case if you find that the defendant violated said Statute, then such violation would constitute negligence.

"If you further find that such negligence, if any, was a proximate cause of injuries to the plaintiff, then your verdict will be in favor of the plaintiff and against the defendant."

By the foregoing instruction the plaintiff asked the court to submit to the jury as a question of fact whether or not the defendant was guilty of negligence in the particular covered by the request.

An instruction on unavoidable accident or "pure accident," as it is termed in the instruction complained of, where no negligence is charged on the part of the plaintiff (and none was charged here), "is merely a repetition of the charge that if no negligence has been proven on defendant's part proximately causing the accident the verdict of the jury should be for the defendant." *Murphy v. Read,* 157 Or 487, 491, 72 P2d 935. The most recent expression of this court on the subject is the following from *Igo v. Butler,* 199 Or 423, 430, 262 P2d 675, "For a defendant to say that an accident is unavoidable is equivalent to saying that it was not caused by his negligence." See, also, *Denton v. Arnstein,* 197 Or 28, 47-48, 250 P2d 407; *McVay v. Byars,* 171 Or 449, 138 P2d 210; *DeWitt v. Sandy Market, Inc.,* 167 Or 226, 240-241, 115 P2d 184; *Hanks v. Norby,* 152 Or 610, 54 P2d 836.

In the instruction assigned as error the court defined a pure accident as one "where no one is to blame, and the defendant is not guilty of the negligence as charged." The instruction ascribed to "pure accident" or "unavoidable accident" the meaning those words

have acquired in our decisions, and but repeats in different language the substance of other instructions given by the court to the effect that if the plaintiff had failed to prove to the satisfaction of the jury one or more of the acts of negligence charged, their verdict should be for the defendant—instructions to which no exceptions were taken. On plaintiff's own theory of the case in the trial court, the instruction complained of would not have been reversible error. *Holzhauser v. Portland Traction,* 178 Or 607, 613, 169 P2d 127.

■ The exception which plaintiff's counsel took to the instruction illustrates his change of position. Counsel stated that the instruction "is abstract, and under no construction of the evidence could this be pure accident. It was either caused by a violation of the Employer's Liability Act or by negligence  *  *  *." If this be so, counsel should not have invited the error by requesting the court to submit the question of negligence to the jury, and he should not now be heard to complain of the error. *Miami Quarry Co. v. Seaborg Packing Co.,* 103 Or 362, 378-379, 204 P 492; 5 CJS 215, Appeal and Error § 1507.

■■ The plaintiff next complains of a ruling which sustained defendant's objection to statements made by counsel for the plaintiff in his closing argument. The transcript discloses the following:

"If you find that this man has a herniated disk, due to that fall, you must consider the consequences to that man, you must compensate him for his injury, taking into consideration his physical condition at the time he had this injury and before. An employer, under the law, takes a workman as he finds him. Here's a good example. This man himself is blind in his right eye, and working for Lamford Lumber Company. The Lamford Lumber Company took him as he was. If there had been an

injury to him while working, whereby he lost the sight of the other eye, they must compensate him for total blindness, although he was blind already in one eye, because he has lost everything he has,— his vision.

"MR. SPAULDING: That isn't the law, and I don't think it is proper argument.

"MR. PETERSON: I think it is the law.

"THE COURT: I think I will strike it."

Even though the court's ruling was erroneous, it could not have been prejudicial, because the argument of counsel which we have quoted was directed entirely to the question of the amount which would properly compensate the plaintiff for his injury. It was not relevant either to the issues of negligence or proximate cause, and, since the jury returned a verdict for the defendant, the incident could not have affected their deliberations. Besides this, we think the court's action was well within its discretionary power to control the argument. We do not impute to counsel for the plaintiff any intention to go beyond the limits of proper advocacy. But the plaintiff sought damages for an injury to his back, and his misfortune in having previously lost the sight of one eye had nothing to do with the case. The court might well have considered that the reference to this condition, if permitted to stand, had a tendency to unduly excite the sympathy of the jury in behalf of the plaintiff and prejudice the case of the defendant. See, *Walker v. Penner,* 190 Or 542, 552-554, 227 P2d 316; *Shaw v. Pacific Supply Coop.,* 166 Or 508, 513, 113 P2d 627. The ruling was not erroneous.

■ Finally, the plaintiff urges that the court committed error in giving the following instruction:

"Now in this case, Ladies and Gentlemen of the Jury, the plaintiff must establish his case by satis-

factory evidence; and satisfactory evidence is that which ordinarily produces moral certainty or conviction in an unprejudiced mind. It alone will justify a verdict. Evidence less than this is insufficient evidence.

\* \* \* \* \*

" \* \* \* and it is incumbent upon the plaintiff to prove to you by the preponderance of the evidence, as I have defined that for you—and by satisfactory evidence, that this defendant is guilty of one or more of the charges of negligence made against it in plaintiff's complaint. If you do not find that the plaintiff has succeeded in proving this to you, then in that event your verdict would be for the defendant. On the other hand, if the plaintiff has established by the type of evidence I have heretofore indicated that this defendant was guilty of one or more of the charges of negligence set forth in the complaint, and that that negligence was the proximate cause of the injury, he would be entitled to recover in this case."

The plaintiff's exception was limited to that part of the foregoing instruction which defined satisfactory evidence as evidence "which ordinarily produces moral certainty or conviction in an unprejudiced mind," and informed the jury that such evidence "alone will justify a verdict." That portion of the instruction is based upon ORS 41.110 and 41.250, and this court is committed to the doctrine that it is proper, though not always necessary, for the court in a civil case thus to instruct the jury. *McVay v. Byars,* supra, 171 Or at pp 454-456, where the earlier cases are reviewed. See, also, *Southern Pacific Co. v. Raish,* 205 F2d 389. We see no occasion for re-examining the question.

The judgment is affirmed.