## LAKE v. PARKER et al.

(Court of Appeals of District of Columbia.
Submitted April 22, 1924. Decided
November 3, 1924.)

No. 4060.

1. **Brokers ⊜88(5)—Whether broker misrepresented purchaser's financial responsibility held for jury.**

Whether broker, suing for commission, induced owner to enter into contract with procured purchaser by misrepresentations as to his financial responsibility, *held* question for jury.

2. **Evidence ⊜420(3)—Condition to payment of commission should have been expressed in the written contract entered into by parties.**

Where special contract for commissions was made between owner and brokers, a condition of payment of commission as to financial responsibility of purchaser should have been expressed therein.

3. **Appeal and error ⊜930(1)—Court of Appeals must assume facts to be as found by jury.**

The Court of Appeals must assume the facts to be as found by the jury.

4. **Appeal and error ⊜1061(4)—Refusal to direct verdict on one count held harmless, in view of verdict for amount less than that claimed by other count.**

Where declaration of brokers, suing for commission, declared on contract in first count and on quantum meruit in second count, refusal to direct verdict for defendant on second count, followed by return of verdict for amount less than that claimed in first count, *held* harmless.

Appeal from the Supreme Court of the District of Columbia.

Suit by J. M. Parker and another against Felix Lake. Judgment for plaintiffs, and defendant appeals. Affirmed.

G. A. Maddox and W. G. Gardiner, both of Washington, D. C., for appellant.

William E. Richardson and W. M. Bastian, both of Washington, D. C., for appellees.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Appellees, Parker and Hazard, sued the appellant to recover real estate commissions claimed to be due as the result of negotiating a trade between defendant Lake and one Hardesty. In the transaction certain apartment houses in the city of Washington, belonging to defendant Lake and heavily mortgaged, were exchanged for a farm, belonging to Hardesty, in Maryland, upon the condition that Lake assume, against said farm, an obligation of $42,000.

A special contract for commissions was made between defendant Lake and the plaintiffs, Parker and Hazard, by which Lake was to pay them the sum of $8,000. They were to receive a commission from Hardesty of $7,500. In other words, the agents represented both parties to the transaction. When examination of the title to the farm was made, it was found that there were obligations against Hardesty amounting to approximately $141,379.10.

Hardesty deposited with the examiner of titles a deed conveying the farm to the defendant Lake, together with a bill of sale conveying certain personal property embraced in the contract of exchange. Whereupon the examiner advised Lake that the examination of the title had been completed and that the sum of $61,000, the amount agreed by Lake to be paid Hardesty in the exchange, would be more than sufficient to reduce the liens existing against the farm to the sum of $42,000, as stated in the contract.

[1] Lake refused to carry out the contract, and defends in the present action against the recovery of the commission on the ground that, when the proposition was brought to him by the agent Hazard, he inquired of the agent as to the financial standing of Hardesty, and as to his ability to protect the mortgages existing against the apartment buildings. He claims that the agent informed him that Hardesty was a man of financial ability and fully able to assume the obligations, when in truth and in fact he was irresponsible, and not able to meet the obligations against the apartment properties. The agent denied making any such statement. It therefore became an issue of fact for the determination of the jury. It was properly submitted to the jury by the court, and by the verdict resolved against defendant.

[2, 3] We fail to find wherein defendant Lake was justified in refusing to carry out his contract. All the conditions had been met by Hardesty. The agents, we think, had fulfilled their obligations of bringing the parties together upon satisfactory terms, and the failure to complete the trade was due entirely to defendant Lake. If Lake had any condition such as he now asserts in his contract with the agents, it should have been expressed in the agreement; but, as suggested, that issue of fact has been resolved against him by the jury, hence we must assume that no such arrangement in fact existed.

[4] Error is charged on the part of the appellant to the refusal of the court below to instruct the jury to find for the defendant on the second count in the declaration. The declaration in the first count sued upon the contract for $8,000, and in the second count declared upon a quantum meruit, which amounted to $23,150. Inasmuch, however, as the verdict of $5,000, returned by the jury, was less than the amount claimed in the first count, and the court in its charge confined the jury to the first count, the defendant has not been damaged by the refusal of the court to give the charge requested. The jury, under the charge of the court, determined the question of liability upon the contract alone, and not upon any basis of quantum meruit.

The judgment is affirmed, with costs.