MABEL HODGSON AND MABEL B. HODGSON AND JOHN
H. HODGSON, EXECUTORS OF THE ESTATE OF ELMO
W. HODGSON, DECEASED, PLAINTIFFS-RESPONDENTS,
v. LeROY V. POHL, MARY E. FLUHARTY AND HARRY
FLUHARTY, JOINTLY, SEVERALLY, OR IN THE AL-
TERNATIVE, DEFENDANTS-APPELLANTS.

Argued May 12, 1952—Decided June 2, 1952.

*Mr. Sidney P. McCord, Jr.,* argued the cause for appellant LeRoy V. Pohl (*Messrs. Starr, Summerill & Davis,* attorneys).

*Mr. Samuel P. Orlando* argued the cause for appellants, Mary E. and Harry Fluharty (*Messrs. Orlando, Devine & Tomlin,* attorneys).

*Mr. Walter S. Keown* argued the cause for respondents.

The opinion of the court was delivered by

WACHENFELD, J. The query here is whether or not the question of "unavoidable accident" was properly submitted to the jury and if error was committed in the court's definition of "unavoidable accident."

A brief resumé of the facts helps clarify the issues. The plaintiffs, husband and wife, were passengers in a taxicab proceeding north on Atlantic Avenue in Haddonfield, New Jersey, the cab being operated by the defendant Pohl. It collided with a fuel truck of the defendants Fluharty and this action is for injuries sustained by Mrs. Hodgson.

Atlantic Avenue is a little-used highway, dirt-surfaced and rough. A railroad track parallels it on the west side of the street while on the east is a fuel depot with a driveway running into Atlantic Avenue. The building on the southerly side of the drive extends almost to the roadway of Atlantic Avenue, obstructing the view of oncoming traffic from that direction.

The oil truck was entering the highway from that driveway as the cab approached. The taxi driver saw the front of the truck emerging about ten feet away. He contends he was

driving slowly and admits he could have stopped and so avoided the accident. By the time he realized the truck was not going to stop, he "was practically across the path of the truck so I couldn't possibly stop and if I had stopped I would have been struck anyway." He therefore "put on gas to try to beat him across."

The truck driver admits he could not see to his left as the building obstructed his view. Despite this inability to see, he nevertheless continued into the roadway without sounding his horn. As the taxi endeavored to pass in front of him, he applied his brakes but it was too late to prevent a collision. His front bumper struck the rear fender and hub cap of the cab. The blow apparently was not severe but it broke the truck's bumper bracket and dented the taxicab fender and hub cap.

The record does not contain the medical testimony in reference to the injuries sustained, so we have no knowledge of the extent thereof nor the alleged exaggeration of the effects claimed.

The jury returned a verdict of no cause of action in favor of all defendants. Since the trial the husband has died and this appeal is pursued by Mrs. Hodgson and the executors of the husband's estate.

Following the verdict of no cause of action as to all defendants, a motion for a new trial on behalf of the plaintiffs was denied, resulting in an appeal to the Appellate Division, where the judgment was reversed and a new trial ordered.

The court based its conclusion on two grounds: first, in giving instructions in reference to "unavoidable accident," the trial court committed prejudicial error "because the testimony as to how this mishap occurred negated the existence of the element necessary to support a finding that the accident was unavoidable," and, second, the trial court used the terms "unavoidable" and "inevitable" interchangeably as though they were synonymous. The Appellate Division found the instructions thus given inappropriate because they "defined 'unavoidable accident' as synonymous with 'inevitable

accident' in the sense of an occurrence having its origin other than exclusively in the agency of man. This occurrence resulted from human agency alone, and the instructions as phrased were thus irrelevant."

Certification was granted, bringing this cause here for consideration.

Although the contrary view has support, the defense of unavoidable accident, if raised by the evidence, is ordinarily considered to be available under a general denial of negligence and need not be affirmatively pleaded. Much authority supports this reasoning, contending such an issue is a direct refutation of the charge of negligence, which remains the plaintiff's burden of proof. The Appellate Division so ruled, pointing out that unavoidable accident is not listed amongst the defenses expressly required by *Rule* 3 :8–3 to be affirmatively pleaded.

We do not feel called upon to determine whether this doctrine still prevails under our new practice and procedure as we think the issue in the case *sub judice* cannot be adjudicated as arising under a simple plea of general denial.

Since the adoption of our new rules, the pleadings and pretrial order control and are designed to simplify and crystalize the issues raised.

Here the record shows the plaintiffs charged negligence against the defendants jointly, severally or in the alternative, while each defendant denied negligence and by separate defense pleaded the accident was caused "solely by reason of the negligence" of the other defendant. The pretrial order defined the issue as: "Both defendants deny any negligence and blame the other." Unavoidable accident was not pleaded in either answer nor was it suggested or mentioned in the pretrial order. The pleadings, the pretrial order, the conduct of the trial and every phase of it, negatived such a defense. It was not invoked or relied upon by any party to the litigation but was interjected in the trial by the court of its own volition, without request or suggestion from anyone, when it charged the jury.

We think the question of unavoidable accident, under these circumstances, was not raised and should not have been considered by the jury as it was not a part of the case.

*Jenkins v. Devine Foods, Inc.*, 3 *N. J.* 450 (1950), was decided under the old *Rule* 3:16. Because of that decision the rule was amended December 19, 1949, and now reads as follows:

> "(b) * * * Such order * * * when entered, becomes part of the record and with the pleadings as ordered to be amended controls the subsequent course of action, unless modified at the trial * * *."

(The subsequent amendments of December 7, 1950, June 7, 1951, and January 1, 1952, to *Rule* 3:16 do not affect the foregoing language.)

The defense was inconsistent with the issues framed and its submission to the jury, by the court in its charge, was error.

We concur in the opinion of the Appellate Division that the testimony here negatived the suggestion of unavoidable accident. In view of our ruling entirely excluding this issue, it is not necessary to decide whether there was error at the trial level in construing "unavoidable accident" as being synonymous with "inevitable accident."

Our reasoning varies from and is not in complete accord with the Appellate Division but our conclusion is the same.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD, BURLING and JACOBS—5.

*For reversal*—Justice HEHER—1.