**CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, Appellant,**

v.

**E. D. GOODSON and Trinity Universal Insurance Company, Intervener, Appellees.**

No. 16263.

United States Court of Appeals Fifth Circuit.

March 14, 1957.

Rehearing Denied April 22, 1957.

R. A. Wilson, Amarillo, Tex., Joe E. Gracey, Thompson, Walker, Smith. & Shannon, Fort Worth, Tex., Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, Tex., for appellant.

J. O. Fitzjarrald, Joe Harlan, Dean Dunlap, Merchant & Fitzjarrald, Amarillo, Tex., for appellee, E. D. Goodson.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Tex., for appellee, Trinity Universal Insurance Co., intervener.

Before RIVES, TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal results from a judgment in favor of appellee Goodson, plaintiff in a personal injury suit, based on a jury verdict in his favor. Jurisdiction is founded on diversity and the jurisdictional amount was alleged.

Goodson suffered personal injuries when there was an explosion on the premises of his employer, Palo Duro Ice Company. He alleged that the explosion was brought about in the following manner: About thirty feet away from the building of the ice company the railroad company had constructed its railroad track in and along the alley north of the ice company plant without placing therein or properly maintaining sufficient culverts or sluices as the "natural lay of the land" required, and as a result water backed into the company's premises, overflowed a pit in which there was an accumulation of some ten gallons of oil and brought the oil into contact with a hot exhaust pipe, which ignited it.

With but a single exception appellant does not contend that there was not ample evidence from which the jury could find all of these facts to exist, and we turn, therefore, to the one fact which appellant contends was not proven: that the "lay of the land" at the time of construction required a more adequate drainage system than was provided.

Appellant's principal attack on the action of the trial court is that there can be no breach of duty shown as against it unless the drainage requirements be considered as of the time of construction, as determined by the "lay of the land" at that time; since the record here is silent as to this important factor, the trial court should have directed a verdict in appellant's favor. The Texas statute provides:

"In no case shall any railroad company construct a roadbed without first constructing the necessary culverts or sluices as the natural lay of the land requires, for the necessary draining thereof." Art. 6328, Revised Civil Statutes of Texas.

"It shall hereafter be unlawful for any person, firm or private corporation to divert the natural flow of the surface waters in this State or to permit a diversion thereof caused by him to continue after the passage of this Act or to impound such waters, or to permit the impounding thereof caused by him to continue after the passage of this Act in such manner as to damage the property of another, by the overflow of such water so diverted or impounded, and that in all such cases the injured party shall have remedies, both at law and in equity, including damages occasioned thereby, * * *." Art. 7589a, Revised Civil Statutes of Texas.

■ Both parties treat the case as alleging violation of the railroad's statutory duty. Under such circumstances negligence need not be proved. 35 Tex.Jur., Railroads, § 129, and cases there cited.

■ The nature of the statutory duty has been frequently stated by the Texas courts. There can be no question but that it goes so far as to require that a railroad company, when it builds an embankment, make adequate provision to make certain that the natural flow of surface water is not interfered with.

"The purpose of article 4436, Rev. St.1895 [Vernon's Ann.Civ.St. art. 6328], is not accomplished, nor the duty imposed upon the railway company performed by it, when the culverts or sluiceways through its roadbed are so constructed as to impede or not permit the flow of the surface water in its natural and usual course, and cause it to be diverted and to overflow on the land of another." Missouri, K. & T. Ry. Co. of Texas v. Macon, Tex.Civ.App., 115 S.W. 847, 849.

It is also undoubtedly true that this duty is a continuing one at least to the extent that, once having constructed adequate drainage means as necessitated by the "lay of the land," these means must be kept operative. Millerman v. Houston

& T. C. R. Co., Tex.Civ.App., 27 S.W.2d 897.

■ While it has been said that the words "natural lay of the land" have reference to the time of construction of the road, Gulf, C. & S. F. Ry. Co. v. Waller, Tex.Civ.App., 288 S.W. 522, there is also authority for the proposition that the "natural lay of the land" comprehends the land with such improvements and changes as are reasonably to be contemplated. St. Louis Southwestern Ry. Co. of Texas v. Rollins, Tex.Civ.App., 89 S.W. 1099. There seems to be no case which has specifically held that such a change in the natural lay of the land as results from the construction of a factory building in a city would still be within the principle of the last cited case. However, we do not need to pass on this precise point. We think there was no burden on the plaintiff to prove the condition of the property on which the Palo Duro plant was located at the time the defendant's track was built. Neither party in the trial court offered any evidence as to whether the factory or the track was built first. The plaintiff's witnesses testified that they were both in place for some 18 years, and if either party desired to prove a different status it could have undertaken to do so. The Rollins case last cited is authority in Texas for the proposition that in the absence of such proof the court could properly consider that there had been no change in the lay of the land since construction took place.

"It was not error, as claimed in the sixth assignment of error, for the court to charge the jury that if appellant was guilty of negligence in failing to construct and leave the necessary culverts or waterways as the natural lay of the land required, and appellee was thereby damaged, they should find for him. There was no testimony tending to show that there had been any changes made in 'the lay of the land' that would cause water from the creek to spread on land that it did not touch in times of overflows when the culverts and waterways were constructed, and the court properly considered the 'lay of the land' to be in the same condition that it was when the original construction took place." St. Louis Southwestern Ry. Co. of Texas v. Rollins, Tex.Civ.App., 89 S.W. 1099, 1100.

Moreover, in the state of the pleadings we think the plaintiff was entitled to rely on the answer of the defendant as admitting this fact. In its first defense the answer contained the following:

"The defendant admits:

"a.    *    *    *    *    *

"b. Its construction of the line (track) in the alley north of the Palo Duro Ice Company building, though it is pointed out that such construction preceded by many years the acquisition of its property by Palo Duro Ice Company. * * *"

If this answer did not intend to admit that the line was constructed north of the building after it was built but before it was acquired by its present owner, then it was at least susceptible of that construction so that the court had a right to accept it as such an admission, making it unnecessary for the plaintiff to offer proof as to that point.

We hold, therefore, that there was no failure of proof by the plaintiff because of his failure to prove more precisely the actual "lay of the land" at the time the track was built.

Other contentions made by appellant in attacking the sufficiency of proof deal with causation and foreseeableness. As appellant points out these are both elements of proximate causes. Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352.

■ As to the first of these elements which appellant says was not proved it is clear that under its own definition of causation this argument is untenable. Direct evidence connected the backed-up water with the oil in the pit which was raised by it until it was ignited on contact with the heated exhaust pipe. This was, of course, ample evidence from which the jury could find that "the de-

fendant's act or omission was a substantial factor in bringing about the result." This being appellant's own definition of causation, it is apparent that there is no substance to this contention.

■ As to the element of foreseeableness which is stressed as being an important element of probable cause in Texas jurisprudence, we think it correct to say that whatever directly results by the operation of natural laws from the unlawful channelling of water onto another's premises is a foreseeable event within the Texas rule. It is not important that the railroad company did not actually know that there was an accumulation of oil in a pit in close proximity to a source of ignition. If it backed up water into the plaintiff's employer's property, it would be bound to know what such water would do in the way of floating oil upward and what would result if the oil came in contact with flame or other source of fire. As stated in Hopson v. Gulf Oil Corp., supra, cited by appellant in its brief:

"In using foreseeableness as a test to determine proximate cause, this Court and the Courts of Civil Appeals have been careful to point out that for the defendant's negligence to be regarded as a proximate cause of the plaintiff's injury it is not necessary that the defendant should or would reasonably anticipate the very consequences or the exact nature of the plaintiff's injury or the precise manner of its infliction. It is sufficient that the defendant would reasonably have anticipated consequences or an injury of the general nature of that which ensued. * * *" 237 S.W.2d 356.

In most of the many cases cited in appellant's brief illustrating situations in which the Texas courts have found an absence of foreseeableness there was actually a separate intervening cause of the injury or the event was traced to the alleged cause by too tenuous a chain of circumstances to satisfy the above stated rule. This is not the case here.

■ Finally, the railroad company complains of the failure of the trial court to include in its charge to the jury instructions on new and independent cause, sole proximate cause, and unavoidable accident. There was no evidence in the record from which the jury would have been authorized to find that any intervening act of the plaintiff or other person or agency occurred which, independently of the action of the backed-up water, brought about the explosion. "The intervention of an unforeseen and unexpected cause is not sufficient to relieve a wrongdoer from consequences of negligence, if such negligence directly and proximately cooperates with the independent cause in the resulting injury." Texas Power & Light Co. v. Culwell, Tex. Com.App., 34 S.W.2d 820, 821; Texas Public Service Co. v. Armstrong, Tex. Civ.App., 37 S.W.2d 294.

■ What has just been said of course disposes of the contention that there should have been a charge on sole proximate cause. While it is not spelled out accurately in appellant's objection to the court's charge, its objection that "the court's charge does not submit the defendant's theory of sole proximate cause," plainly was intended to cause the court to charge as requested by defendant in its Requested Instruction Number Four.[1] It is so apparent that

---

1. "If you find from the evidence that the sole proximate cause of the accident lay in the manner in which Palo Duro Ice Company had constructed the room where the accident occurred, with particular reference to the location of its grease pit and exhaust pipe and the fact that its floor was level with the street, or in the inadequacy of the doors on the Lipscomb Street side to keep out water, or in any change of the street level by the City of Amarillo when the street was paved, or in an unexpectedly heavy rain, or in some act or omission on the part of plaintiff himself, or in some combination of the foregoing, then your verdict should be against the plaintiff and in favor of the defendant, Rock Island. In this connection, you are instructed that the burden of proof rests upon plaintiff to establish by a preponderance of the evidence that one or more of the matters above referred to did not constitute the sole proximate cause of the accident."

**208**

the jury could not have inferred from the evidence before it that the "sole proximate cause of the accident lay in the manner in which the Palo Duro Ice Company had constructed the room where the accident occurred. * * *" that it was clearly not error for the court to have declined to charge on this hypothesis. The same may be said as to the requested charge on unavoidable accident. The facts giving rise to the explosion set in motion by the breach of statutory duty were undisputed. They presented a clear chain of causation. An injury foreseeably resulting from such a breach of statutory duty was not, in contemplation of law, an unavoidable accident. In Orange & N. W. R. Co. v. Harris, 127 Tex. 13, 89 S.W.2d 973, 975, cited by appellant, it is said: "The issue of unavoidable accident is raised when there is evidence tending to prove that the injury resulted from some cause other than the negligence of the parties." Here there was no such evidence. The court did not err in refusing such a charge.

The judgment is affirmed.