Jimmy Melvin LEWALLEN, a minor, by his Father and next Friend, F. M. Lewallen, Plaintiff in Error,

v.

Leroy CARDWELL, Defendant in Error.

No. 37930.

Supreme Court of Oklahoma.

May 27, 1958.

**1076** 

 

Farmer, Woolsey, Flippo & Bailey, Tulsa, for plaintiff in error.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for defendant in error.

BLACKBIRD, Justice.

In this action, plaintiff in error, as plaintiff, sued defendant in error, as defendant, for personal injuries he, as a pedestrian, received when struck by an automobile driven by defendant while he was crossing West Eighteenth Street, in Tulsa, Oklahoma. After trial before a jury, the verdict was for defendant and judgment was entered accordingly. After the overruling of his motion for new trial, plaintiff perfected the present appeal.

Our continued reference to the parties will be by their trial court designations.

 All of the assignments of error urged for reversal under the three propositions set forth in plaintiff's brief concern alleged errors in the court's instructions to the jury. Under his Proposition No. III, it is asserted that no instruction on sudden emergency as was the trial court's Instruction No. 8, should have been given, in view of the facts in this case. In support of this proposition, plaintiff says the defendant driver could not have been confronted with a "sudden emergency", within the correct legal definition of that term, because the evidence showed that he was not without fault, but, on the contrary, shows that if there was any so-called emergency it was caused, or contributed to, by defendant's negligence by driving his auto at a rate of speed (by his own admission) of approximately 20 miles per hour in an area where the maximum speed limit was only 15 miles per hour, citing Graves v. Harrington, 177 Okl. 488, 60 P.2d 622; Wright v. Sniffin, 80 Cal.App.2d 358, 181 P.2d 675; Ivey v. Hall, 77 Ga. App. 350, 48 S.E.2d 788; Louisville Taxicab and Transfer Co. v. Reno, 237 Ky. 452,

35 S.W.2d 902; Jarvis v. Bostic, 65 App. D.C. 78, 79 F.2d 831. We do not think the rule cited by plaintiff is applicable here because we cannot agree that the evidence, unquestionably or without contradiction, shows that the exigent situation which confronted defendant immediately preceding his striking of plaintiff with his car, was caused or contributed to by the car's speed being slightly in excess of 15 miles per hour. From our examination of the record, we think there is evidence tending to show that the plaintiff dashed from behind a parked car out into the street so suddenly and unexpectedly, and in such close proximity to defendant's car, that defendant could not have stopped it before it struck plaintiff, even if its rate of speed had been within said ordained limit. With such evidence in the record, we cannot say, as was done in some of the cited cases, that the claimed sudden emergency was the result of defendant's negligence, or even that it contributed in any manner to the situation that existed as his car struck plaintiff. Whether or not the 5 miles per hour by which defendant's rate of speed exceeded the limit, was responsible for, or had anything to do with, the situation, or whether, had his speed been a little slower and within said limit, no emergency would have existed, was, under the evidence in this case, a matter about which reasonable men might have disagreed. With the question of whether or not a sudden emergency existed immediately preceding the accident, being an issue in the case at the time it was submitted (Garner v. Myers, Okl., 318 P.2d 410), the trial judge properly included Instruction No. 8 among those he gave the jury.

 Plaintiff's Proposition No. 1, is as follows:

"The trial court erred in failing to instruct the jury on the decisive issues of fact formed by the pleadings and evidence introduced and the law applicable thereto and the failure of the trial court to do so constitutes fundamental and reversible error."

Under this proposition, plaintiff charges that:

"The jury was never told that the decisive issues of fact in the case were:

"(1) Whether or not the defendant Cardwell was guilty of negligence in violating the speed limits or in violating the other ordinances of the City of Tulsa, or in failing to keep a proper lookout, or in failing to apply his brakes or in failing to blow his horn and in failing to drive at a speed commensurate with care that should have been exercised, and

"(2) Whether or not the plaintiff was guilty of contributory negligence, and

"(3) Whether or not the negligence of the defendant, which was established by the evidence was the proximate cause of the accident, or whether or not the contributory negligence of the plaintiff was the proximate cause of the accident."

As to a portion of (1) above, plaintiff's counsel fails to point out, and we have not found, any evidence indicating that, as defendant drove down Eighteenth Street immediately preceding the accident, he failed to keep a proper lookout ahead of his car, or failed to apply his brakes. For all that the evidence shows, the defendant applied his brakes as soon as he saw plaintiff, or had any inkling of potential danger in the street ahead of his car, and he did this so forcefully that his tires made skid marks on the pavement measuring over 21 feet in length. Furthermore, no witness was asked, and the record does not show, whether defendant ever sounded his car's horn before the accident, or not. The trial court therefore committed no error in failing to specifically instruct the jury, as charged by plaintiff, with reference to such facts not shown by the evidence.

We observe that in the court's general preliminary instructions delineating the allegations of the pleadings, he called the jury's attention to plaintiff's allegation that defendant violated sec. 55 of Tulsa's Traffic Code "which requires the driver of any vehicle approaching an unmarked intersection * * * (to) reduce his speed to 15 miles an hour, which the defendant failed and neglected to do; * * *." In the court's Instruction No. 5, he told the jury:

"It is the duty of a person, or persons, operating motor vehicles on the highways, streets and roads of this state to observe the state laws and ordinances with reference thereto, as set out herein, and a violation of a state law or ordinance, in the operation of a motor vehicle is negligence per se, that is, negligence in and of itself. However, before a person guilty of negligence per se may be held liable in damages therefor, it must appear from a preponderance of the evidence, that such negligence per se was the proximate cause of the injuries and damage, if any sustained.

"In this connection you are instructed that even independent of any city ordinances any person operation motor vehicles on a highway, owes to the public and other vehicles and pedestrians the duty of controlling and driving such motor vehicle carefully so as to avoid causing injury, and in the performance of that duty they are bound to take all reasonable precautions which ordinarily prudent persons usually exercise under the same or similar circumstances."

In its Instructions Numbered 6 and 7, the jury was given the legal criteria for determining whether or not a twelve-year old child, the age of plaintiff, was guilty of contributory negligence. In its Instruction No. 3, the court defined the terms "ordinary care", "negligence", "actionable negligence", and "proximate cause", and also told the jury, in regard to negligence, of the necessity of their finding that it was the proximate cause of the injury; and gave the jury the legal criteria for such a finding. In its Instruction No. 10, the court further told the jury:

"Should you find from a preponderance of the evidence herein that the defendant was guilty of any of the acts of negligence alleged in plaintiff's petition, and that such negligence was the direct and proximate cause of the injury, if any, to the plaintiff, and plaintiff was not guilty of contributory negligence, then your verdict should be for the plaintiff and against the defendant; but if you do not so find, or if you find that the plaintiff was guilty of contributory negligence, which, combining and concurring with the negligence of the defendant, proximately caused the accident resulting in the injuries and damage, if any, then your verdict should be for the defendant, notwithstanding his negligence."

Plaintiff's counsel fails to point out any particular in which they think their client was prejudiced by the instructions given, except to charge, under their Proposition No. II, that the court's instructions Numbered 1 and 4, placed an undue burden upon him "to establish all the material allegations of the Petition * * *". Defense counsel calls our attention to the fact that, under the above-quoted Instruction No. 10, a verdict for plaintiff could be predicated upon finding, from the evidence, that defendant was guilty of "any of the acts of negligence alleged in plaintiff's petition * * *". We perceive, in the instructions complained of, some basis for a charge of inconsistency between Instructions numbered 1 and 4, on the one hand, and Instruction No. 10, on the other, if said instructions are considered by themselves, and without regard to any of the others the court gave. And, we recognize the potential danger of giving any instruction, which on its face, is inconsistent with any other; and, we do not approve of such practice. However, defendant calls our attention to the fact that, in its Instruction No. 13, the court properly told the jury that it "must consider the instructions as a whole and not a part to the exclusion of the rest." Assuming, as we must, that, in accord with this instruction, the members of the jury viewed each of the other instructions in the light of the instructions as a whole, we think it must have been plain to them that, of the allegations of defendant's negligence contained in plaintiff's pleadings, they were to consider only those which, under the court's instructions, were material in establishing defendant's liability to him for actionable negligence, and which were sufficiently supported by evidence. In holding harmless an instruction given in St. Louis-S. F. Ry. Co. v. Withers, Okl., 270 P.2d 341, that was wholly inapplicable to the evidence of that case, we, in effect, recognized that jurors must be credited with certain powers of perception and understanding, and there concluded that they must have used those powers in perceiving said instruction's inapplicability, in the absence of any showing that they were mislead thereby. thereby. After carefully examining the record in this case and finding, on the basis thereof, no reason to believe that the jury was mislead by the ostensible inconsistency plaintiff complains of, we are impelled to a similar conclusion here. We cannot say that the instructions did not submit the fundamental issues to the jury or that the aforesaid asserted inconsistency was prejudicial to plaintiff. Accordingly, the judgment of the trial court is affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS and JACKSON, JJ., concur.