SULLIVAN *v.* FANESTIEL.

5-1660                                        317 S. W. 2d 713

Opinion delivered November 17, 1958.

*Joe E. Purcell,* for appellant.

*Bailey, Warren & Bullion,* for appellees.

CARLETON HARRIS, Chief Justice.   On October 12, 1956, around 6:40 p.m., an automobile collision occurred at the intersection of Main and Fourth Streets in the town of Bryant, Saline County, Arkansas, between automobiles operated by Leon Sullivan, who was traveling north on Main Street, and A. A. Fanestiel, who had been traveling south on Main Street, and at the time of the collision, was making a left turn into Fourth Street. Traveling in the Fanestiel automobile were five other passengers, Lena Fanestiel, wife of Mr. Fanestiel, Zora Reed and husband, and D. J. Wagner and wife.   Mrs. Fanestiel and Mrs. Reed received personal injuries. On January 16, 1957, Sullivan instituted suit in the circuit court against Fanestiel seeking $1,400 for damages to

his automobile, and $1,000 for personal injuries. Fanestiel answered with a general denial, and also filed cross complaint seeking $300 for damages to his automobile, and $3,500 for personal injuries. Mrs. Fanestiel, Mrs. Reed and Mr. Wagner filed suit in the circuit court against Sullivan, asking damages for personal injuries allegedly sustained by them in the collision. By agreement of counsel, representing all parties concerned, an order was entered consolidating the cases for trial.[1] On October 23, 1957, the cause proceeded to trial and the jury returned a verdict finding Sullivan 60% negligent and Fanestiel 40% negligent; finding Sullivan's total damages as $1,528, Fanestiel's total damages in the amount of $412, Zora Reed's total damages as $1,552.38 and Lena Fanestiel's total damages as $655.33. After making the necessary mathematical calculations pursuant to the comparative negligence statute (Act 191 of the General Assembly of 1955), and the necessary offsets, judgment was entered for Sullivan against Fanestiel in the sum of $364. Mrs. Reed was given judgment against Sullivan in the amount of $1,552.38, and Mrs. Fanestiel was given judgment against Sullivan in the amount of $655.33. From the judgment, appellant brings this appeal.

For reversal, Sullivan first contends that the trial court erred in refusing to instruct the jury relative to unavoidable accident, and second, that Interrogatory No. 6 (which prorated the negligence as 60% to Sullivan and 40% to Fanestiel) was concurred in by only eight jurors, and the verdict of the jury was accordingly void.

After an examination of the evidence, we have reached the conclusion that there was no error in the court's refusal to submit the instruction on unavoidable accident. Appellant's contention seems to be largely based on the fact that Fourth Street, east of the intersection, was narrow, with a narrow culvert and ditches along each side, precluding an angle turn. It is argued that had it not been for the narrowness of the street and

---

[1] Wagner took a nonsuit, and his suit was dismissed by the court without prejudice.

culvert upon which Fanestiel was attempting to enter, he could have completed the turn and been out of the intersection before appellant's automobile reached him. Of course, Mr. Fanestiel was in a position to observe the street when he got ready to make the turn, and further, Mr. Sullivan testified that Fanestiel cut in front of him when he (Sullivan) was not more than five feet from the intersection. Fanestiel testified that Sullivan "whipped around" another car, which had stopped and was waiting for him (Fanestiel) to make his turn, and struck him. "Of course, his car was coming so fast, it hit me. It hit me before I got clear across." As stated in *Uncapher* v. *Baltimore & O. R.R. Co.*, 127 Ohio St. 351, 188 N. E. 553:

"An unavoidable accident is such an occurrence or happening as, under all the attendant circumstances and conditions, could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury by any of the parties concerned.

Can there be an unavoidable accident when one of the parties is negligent? Most certainly not."

This collision was certainly caused by somebody's negligence, and the jury found that both were negligent.

The case was submitted to the jury on six interrogatories. Four of these were signed only by J. C. Newcomb, foreman, as the answer given by the jury was unanimous. One was signed by eleven jurors, including the foreman, and No. 6 appears as follows:

"If your answers to Interrogatories No. 1 and No. 3 are 'Yes', then answer this question: Using 100% to represent the total negligence involved in the collision, what percentage of negligence do you find attributable to each of the following parties?

Leon Sullivan: ..............................................60%

A. A. Fanestiel: ..............................................40%

(S) J. C. Newcomb
Foreman

"Herbert James

Sam Curtis

Ernest J. Carlisle

Eddie Hunnicutt

Roy Martin

Earl Crosswhite

Henry J. Cohrt

H. Montgomery"

Appellant contends that this interrogatory was only signed by eight members of the jury, such contention being based on the assumption that Newcomb signed merely as foreman. Appellant argues that, to concur in the answer to the interrogatory, Newcomb would have had to sign again. We do not agree. Article II, Section 7 of the Constitution of Arkansas, as amended by Amendment No. 16, states:

"The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law; and in all jury trials in civil cases, where as many as nine of the jurors agree upon a verdict, the verdict so agreed upon shall be returned as the verdict of such jury, provided, however, that where a verdict is returned by less than twelve jurors all the jurors consenting to such verdict shall sign the same."

This interrogatory was signed by nine jurors. The word, "Foreman", appearing under the signature of Newcomb, is, in our view, mere surplusage.

Finding no reversible error, the judgment is affirmed.