219 A.2d 487.

Bonnie C. Camaras, *p.p.a. vs.* Veronica Moran.
Clara Camaras *vs.* Veronica Moran.

MAY 11, 1966.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. These actions of trespass on the case were brought by the minor plaintiff and her mother against the defendant for personal injuries and consequential damages, respectively, incurred when the minor daughter collided with a milk bottle. The cases were tried together before a justice of the superior court sitting with a jury which returned a verdict for the defendant in each case. The plaintiffs have filed identical bills of exceptions. Since recovery in the mother's case depends upon the defendant's liability

to the minor daughter, we shall treat the cases as if only the minor daughter's case was before us but our conclusion will apply to both.

The plaintiff has filed seven exceptions. However, we shall consider only those exceptions which she has briefed and argued. Under our rules all other exceptions are deemed to be waived.

On August 28, 1962 Bonnie C. Camaras age eight years and Veronica Moran age fifteen years left the Camaras home together and proceeded to a neighborhood store where each obtained certain items for their respective mothers. The plaintiff purchased ice cream and defendant purchased a bottle of milk. They returned to the Camaras residence and entered the premises through the garage from which a side screen door opened to the kitchen where Mrs. Camaras was preparing lunch. The plaintiff sat in a chair and took off her shoes and socks to examine a blister on her right foot. She then arose from the chair and started hopping on her left foot towards the screen door when she collided with the bottle of milk. The bottle "splattered" and Bonnie received injuries to her right foot which required hospitalization and surgery.

It is at this point that the parties hereto disagree. The plaintiff's mother testified that the gallon bottle of milk was placed against the riser of the step which led from the garage to the kitchen. The plaintiff corroborated her mother's testimony and stated she could not see the bottle because defendant was standing in front of it and that as she hopped to the kitchen door defendant stepped to one side and plaintiff hopped onto the bottle breaking it.

The defendant, however, testified that she had purchased a half-gallon bottle of milk and had placed it beside a table that was in the garage some three feet away from the kitchen step. She heard a crash, and saw Bonnie standing at the table, the bottle broken. She denied that the bottle was in front of the step.

Anthony P. Ferrara testified on the second day of trial as a rebuttal witness for plaintiff. He was not present at the time of the incident and had gone to the Camaras home to clean up the broken glass which he stated was in front of the kitchen step. Thereafter, plaintiff made a motion for a continuance of the trial to the following morning so that the testimony of a police officer who had transported minor plaintiff to the hospital could be heard. The motion was denied and this ruling constitutes one of plaintiff's exceptions.

A motion for a continuance is addressed to the sound discretion of the trial justice. His decision will not be reversed unless there is a clear abuse of discretion. *Martin* v. *Hammond*, 89 R. I. 98; *D'Acchioli* v. *Cairo*, 87 R. I. 345.

It is the joint obligation of the bar and court to dispose of litigation in an orderly, prompt and expeditious manner. Here trial counsel for plaintiff informed the court that a witness subpoena had not been issued, that the police officer was on his day off, and that his testimony would be cumulative. These admissions of trial counsel amply warranted the denial of the motion for continuance. We find no abuse of discretion and plaintiff's exception to the denial of the motion is overruled.

One of plaintiff's exceptions is to a portion of the charge wherein the trial justice said that if the incident was a mere accident, then the jury should return a verdict for defendant. The court in its charge failed to distinguish between a pure accident, i.e., an occurrence to which human fault does not contribute, and an actionable accident, i.e., an occurrence which arises from the carelessness of men. The use of the term accident alone, or together with the adjectives mere, pure, inevitable or unavoidable, has given rise to a plethora of litigation.

As stated in *Nave* v. *Flack*, 90 Ind. 205, 210: "The poverty of language compels the use of words in different mean-

ings, and this is notably true of the word 'accident.' Strictly speaking, an accident is an occurrence to which human fault does not contribute; but this is a restricted meaning, for accidents are recognized as occurrences arising from the carelessness of men."

It is apparent that the word "accident" does not necessarily preclude fault or negligence. In an attempt to distinguish between accident as embodying the element of negligence from other unintended or unexpected events, the terms "mere accident," "pure accident," or "unavoidable accident" have been often used. Some courts have held that the mention of such phrases in a charge is not erroneous. *Scullion* v. *Hackworth,* Del. 199 A.2d 563; *Ramage* v. *Trepanier,* 69 N. D. 19; *Webb* v. *Baldwin,* 165 Mo. App. 240; *Paulissen* v. *Jonas,* 311 Ill. App. 346; *Gallegos* v. *McKee,* 69 N. M. 443.

This practice, however, has come under increasing criticism. Many courts do not approve of the use of these phrases in a charge to a jury. *White* v. *Evansville American Legion Home Ass'n,* Ind. 210 N.E.2d 845; *Butigan* v. *Yellow Cab Co.,* 49 Cal. 2d 652; *City of Phoenix* v. *Camfield,* 97 Ariz. 316; *Vespe* v. *DiMarco,* 43 N. J. 430; *Kampo Transit, Inc.,* v. *Powers,* Ind. App. 211 N.E.2d 781.

An excellent discussion of this particular issue is found in 65 A.L.R.2d 1.

In *White* v. *Evansville American Legion Home Ass'n, supra,* the court held it error to charge that if the plaintiff's injuries were the result of a mere accident there could be no recovery. It cited *Miller* v. *Alvey,* Ind. 207 N.E.2d 633, where the use of the phrase pure accident in a charge was held to be error. In the *Miller* case, the court said at page 636: "In a present day action based upon negligence the plaintiff must show his injury was proximately caused by the defendant's negligence, and the defendant under a pleading equivalent to a general denial may show

any circumstance which rebuts the allegations of negligence directed to him or which concerns their causal effect. The expression 'unavoidable accident' or 'pure accident' is not an affirmative defense and has no particular connotation in modern pleading of negligence cases. Such terminology adds nothing to the issues properly before the court or jury and as the expressions are ambiguous and particularly confusing to lay jurors, their use in instructions is undesirable and unwise * * *."

We subscribe to these sentiments and do not endorse the use of these terms. Taken by itself, the statement here of the trial justice on mere accident was incorrect and erroneous. However, a charge to a jury is to be considered in its entirety, and in the instant case the trial justice gave clear instructions on the issues of negligence, proximate cause and the pertinent law to be applied by the jury to the facts of the case. We are convinced that the jury in this particular case was not misled or confused by the erroneous statement of the law and that the statement was harmless error.

The bill of exceptions filed by the plaintiff lists an exception of the plaintiff to the denial of the trial justice to charge the jury in accordance with her request. Such an exception also appears in the transcript. Examination of the record shows beyond question that the only requests to charge in this matter were made by defendant. The plaintiff in her brief and argument before us now wishes this court to consider her exception to be one taken to the granting of defendant's request to charge.

This we refuse to do. We cannot on the state of this record speculate as to what transpired on this particular facet of the case in the trial court. No timely motion was made before us by the plaintiff pursuant to G. L. 1956, §9-24-17, to amend her bill of exceptions or the transcript of testimony. Further examination of the transcript shows

that certain corrections were made therein when it was allowed by the trial justice pursuant to G. L. 1956, §9-24-20. For these reasons this exception is overruled.

In each case the plaintiff's exceptions are overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*DelSesto & DelSesto, Christopher T. DelSesto, Jr.,* for plaintiffs.

*Coffey, Ward, McGovern and Novogroski, Charles J. McGovern,* for defendant.