442 P.2d 742

**Alex G. SCHAUB and Irene Schaub, husband and wife, Plaintiffs-Appellants,**

v.

**John A. LINEHAN, Defendant-Respondent.**

**No. 10065.**

Supreme Court of Idaho.

July 9, 1968.

Paul C. Keeton and Donald K. Worden, Jr., Lewiston, for plaintiffs-appellants.

E. L. Miller, Coeur d'Alene, for defendant-respondent.

SMITH, Chief Justice.

Appellants by this action seek recovery of damages for personal injuries which appellant Irene Schaub suffered, and of damages to their boat. The damages arose from a boat collision which occurred August 14, 1965, on Lake Chatcolet in Benewah County, Idaho.

Appellants, residents of Nez Perce County, Idaho, had owned a cabin at Lake Chatcolet for approximately fifteen years preceding the boat accident. They also own a Sabre Craft inboard-outboard motorboat powered by a Volvo 80 h. p. motor, acquired in 1961.

August 14, 1965, appellant Alex Schaub journeyed from Lewiston, Idaho, to Lake Chatcolet to stay with his wife, who was already at the cabin. During the afternoon of the day, which was sunny and bright, the Schaubs spent some time cleaning their boat, and then decided to go for a boat ride on the lake.

At the time of the accident, about 5:30 p. m., the Schaub boat had just left a restricted speed area on the lake, and was proceeding at approximately five miles per hour. According to Mr. Schaub, the Schaubs noticed a boat approaching from their right in a circular pattern at high speed. Mr. Schaub turned his boat to the left to avoid a collision, and had succeeded

in turning approximately ten degrees when the approaching boat struck the Schaub boat squarely in midsection.

The force of the blow dislodged the seat upon which Mrs. Schaub was sitting, and knocked her to the bottom of the boat. She thereby sustained several broken ribs and multiple bruises.

In addition to the dislodged seat, there was a severe break in the right side midsection front deck of the Schaub boat; there was a severe break several feet long above the water line on the right side; a side window was broken, and a forward bulkhead was broken loose from the hull and from the bottom of the boat. Repair bills for damage to the boat totaled $480.00.

The colliding boat was owned and operated by respondent Linehan, who had been engaged in towing water skiers on the day in question. At the time of the accident, Linehan was operating the boat from the right front seat, with Mrs. Linehan occupying the forward lefthand passenger seat; a daughter, Marilyn, and a neighbor girl occupied the back seats.

A floating ski dock, constructed and maintained by the Waterways Commission of the State of Idaho, was anchored some five hundred yards from the western shoreline of Lake Chatcolet. Respondent Linehan testified that he had approached the dock going from north to south on the lake but was unable to drop his son, whom he was towing. He then went on by the dock, traveling south down the lake, and then turned north again and dropped his son at the ski dock. Respondent then apparently turned his head back to observe his son, as he, respondent, was executing a westerly left hand turn into the sun, and discovered too late the Schaub boat in his path. Respondent testified that he was going ten

miles per hour at the time of the collision, and that the "blinding sun caught on the windshield of the boat" immediately prior to the collision so that he "couldn't see a thing." Appellants individually testified that they noticed that all of the occupants of the approaching boat were looking backward prior to and up to the time of the collision.

The day was clear and respondent and his wife were wearing sunglasses at the time of the accident. The lake was heavily congested with boats when the accident occurred. Both parties were fully aware of the location of the ski dock, and of the use of that part of the lake for water-skiing purposes.

Appellants alleged specific acts of negligence on the part of respondent in the operation of his boat, i. e., in operating the boat without keeping a proper lookout, without due care and circumspection, and at an unreasonably high rate of speed under the existing conditions; also in looking back at the water skier while operating the boat in the opposite direction. Respondent generally alleged the affirmative defense of contributory negligence on the part of appellants in operating their boat.

A trial by jury resulted in a verdict followed by judgment in favor of respondent. Appellants have appealed from the judgment and from an order denying their motion for a new trial.

Appellants assign as error the trial court's instruction to the jury concerning unavoidability of the accident. They allege that such instruction is not proper "where the issues are properly covered by ordinary instructions on negligence and contributory negligence," and they maintain that the theory of accidental injury was already covered by certain other instructions [1] so

---

1. Instruction No. 9 reads: "You are instructed that the mere fact that an accident happened, considered alone, does not give rise to a legal inference that it was caused by negligence or that any party to this action was negligent."

Instruction No. 27 reads: "Whether the actions of a driver or operator in being temporarily blinded amounts to negligence or not depends upon all the circumstances of the case, among which may be the actions of the defendant prior thereto, the suddenness of the blinding and the temporary character thereof, and the reasonable foreseeability thereof, and whether thereafter he acted as an ordinarily prudent and careful person would have acted under the same circumstances."

that the giving of the instruction on unavoidable accident tended prejudicially to overemphasize the defendant's theory of the case.

Instruction No. 31, reads as follows:

"If you find from the evidence that the accident was unavoidable, then no party can recover damages.

"An unavoidable accident is one happening suddenly and unexpectedly and without negligence on the part of any one."

█ An unavoidable accident is generally defined as an occurrence which is not contributed to by the negligent act or omission of either party or which is not proximately caused by the negligence of any person. See Murphy v. Read, 157 Or. 487, 491, 72 P.2d 935 (1937); Knox v. Barnard, 181 Kan. 943, 317 P.2d 452 (1957); Stein v. Louisville Water Co., 249 S.W.2d 750 (Ky. 1952); Kelly v. Employers Casualty Co., 202 Okl. 437, 214 P.2d 925, 929 (1950); Jacobsen v. McGinness, 135 Colo. 357, 311 P.2d 696 (1957); 65 C.J.S. Negligence § 21, p. 648. It is such an occurrence as, under all the circumstances, could not have been foreseen or avoided in the exercise of ordinary care. Beliak v. Plants, 84 Ariz. 211, 326 P.2d 36 (1958); Sullivan v. Fanestiel, 229 Ark. 662, 317 S.W.2d 713 (1958); Hodgson v. Pohl, 16 N.J.Super. 87, 83 A.2d 783, 786, affirmed 9 N.J. 488, 89 A.2d 24 (1952); Hart v. Jackson, 142 So.2d 326, 328 (Fla.App.1962); Chicago, Rock Island & Pacific R. Co. v. Goodson, 242 F.2d 203 (5th Cir. 1957).

█ We have often said that the determination whether in a specific instance the probable effect of an instruction on unavoidable accident was to mislead the jury, and whether the error was prejudicial so as to require reversal, depends on the circumstances of the case, including the evidence and other instructions given. See Hackworth v. Davis, 87 Idaho 98, 390 P.2d 422 (1964); Morford v. Brown, 85 Idaho 480, 381 P.2d 45 (1963); Lallatin v. Terry, 81 Idaho 238, 249, 340 P.2d 112 (1959); Turn-

er v. Purdum, 77 Idaho 130, 141, 289 P.2d 608, 613 (1955).

We have not had occasion to determine, and have not found authority from other jurisdictions indicating whether an unavoidable accident instruction has ever been appropriate to factual circumstances similar to those in the case at bar. In the instant action, however, we find it inconceivable that the accident as occurred could have happened without negligence on the part of either party, or that the accident could not have been foreseen or prevented in the exercise of ordinary care.

█ The instruction on unavoidable accident was potentially confusing and misleading to the jury, both because of its inapplicability to the factual situation and because of its tendency, considering the other instruction given, for overemphasizing respondent's case. See Hackworth v. Davis, supra; Butigan v. Yellow Cab Company, 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R. 2d 1 (1958); Annot. 65 A.L.R.2d 12; Kelly v. Hanwick, 228 Ala. 336, 153 So. 269, 275 (1934); Graham v. Rolandson, 435 P.2d 263 (Mont.1967); O'Donnell v. Maves, 103 Ariz. 28, 436 P.2d 577 (1968); Annot., 65 A.L.R.2d, supra. Accordingly, we hold that the submission to the jury of the instruction on unavoidable accident constituted prejudicial error.

The propriety of unavoidable accident instructions has given most appellate courts much concern. See 65 A.L.R.2d 20. Jurisdictions in growing numbers, particularly in recent years, have come to look upon such instructions with disfavor, and to rule that their inclusion in jury charges constitutes reversible error per se. See Graham v. Rolandson, supra; O'Donnell v. Maves, supra; Butigan v. Yellow Cab Company, supra; Fenton v. Aleshire, 238 Or. 24, 393 P.2d 217, 222 (1964); Lewis v. Buckskin Joe's, Inc., 156 Colo. 46, 396 P.2d 933 (1964). See also Carey v. Toles, 7 Mich. App. 195, 151 N.W.2d 396 (1967); Herrington v. Pechin, 198 Kan. 431, 424 P.2d 624 (1967); Oklahoma Tire & Supply Co. v. Bass, 240 Ark. 496, 401 S.W.2d 35 (1966);

Camaras v. Moran, 219 A.2d 487 (R.I. 1966); City of Phoenix v. Camfield, 97 Ariz. 316, 400 P.2d 115 (1965); Vespe v. DiMarco, 43 N.J. 430, 204 A.2d 874 (1964). Compare Wong v. Swier, 267 F.2d 749 (9th Cir. 1959); Franco v. Fujimoto, 47 Haw. 408, 390 P.2d 740 (1964); Guanzon v. Kalamau, 48 Haw. 330, 402 P.2d 289 (1965); Grubb v. Wolfe, 75 N.M. 601, 408 P.2d 756 (1965); Flaks v. McCurdy, 64 Wash.2d 49, 390 P.2d 545 (1964); Woodhouse v. Johnson, 20 Utah 2d 210, 436 P.2d 442 (1968); Porter v. Price, 11 Utah 2d 80, 355 P.2d 66 (1960).

The Supreme Court of California, in Butigan v. Yellow Cab Company, supra, stated:

> "In the modern negligence action the plaintiff must prove that the injury complained of was proximately caused by the defendant's negligence, and the defendant under a general denial may show any circumstance which militates against his negligence or its causal effect. The so-called defense of inevitable accident is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury. * * * The statement in the quoted instruction on 'unavoidable or inevitable accident' that these terms 'simply denote an accident that occurred without having been proximately caused by negligence' informs the jury that the question of unavoidability or inevitability of an accident arises only where the plaintiff fails to sustain his burden of proving that the defendant's negligence caused the accident. Since the ordinary instructions on negligence and proximate cause sufficiently show that the plaintiff must sustain his burden of proof on these issues in order to recover, the instruction on unavoidable accident serves no useful purpose.

> \* \* \* \* \* \*

> "The instruction is not only unnecessary, but it is also confusing. When the jurors are told that 'in law we recognize what is termed an unavoidable or inevitable accident' they may get the impression that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation. The rules concerning negligence and proximate causation which must be explained to the jury are in themselves complicated and difficult to understand. The further complication resulting from the unnecessary concept of unavoidability or inevitability and its problematic relation to negligence and proximate cause can lead only to misunderstanding." 320 P.2d at 504, 505.

The Supreme Court of Oregon, in Fenton v. Aleshire, supra, expressed its reasoning on unavoidable accident instructions as follows:

> "We have re-examined the question and have reached the conclusion that the instruction on unavoidable accident should not be given in any case.

> \* \* \* \* \* \*

> "In the modern law of negligence the doctrine of 'unavoidable accident,' * * * is an anomaly. By definition—at least by the definition adopted by this court—it has no place as a separate and independent element in an action based on negligence. * * * 'the Restatement of Torts does not treat unavoidable accident as an entity of the law,' * * * In practical effect, when included in the charge of the court to the jury, it is lagniappe to the defendant—not only because it is an added 'you-should-find-for-the-defendant' type of instruction, but because it may be misunderstood by the jury as constituting some sort of separate defense." 393 P.2d 221, 222.

Another recent illustrative case to the same effect is Graham v. Rolandson, supra. Therein the Supreme Court of Montana stated:

> " * * * it appears to us that the primary question before the jury in any negligence case is whether the defendant

was negligent or not proximately causing the accident and this is the hurdle that plaintiff must surmount if he is to prevail. The giving of an instruction on 'unavoidable accident' unnecessarily injects a 'straw issue' in the case, diverts the attention of the jury from the primary issue of negligence, and necessarily creates the impression in the minds of the jurors of a second hurdle that plaintiff must overcome if he is to prevail. It is difficult to see how such an instruction adds anything but confusion in the minds of the jurors in understanding the principles of negligence. The particular vice of an unavoidable accident instruction in any case is that it tends to mislead the jury by creating a spurious additional issue in the case when in fact the sole issue is the presence or absence of negligence proximately causing the accident.

"We have re-examined the law and have concluded it is time to part company with a principle originated over 100 years ago under a system of ancient pleading and practice recognizing unavoidable accident as a separate entity and defense in the law of negligence. Accordingly, from this time on we hold that the giving of an instruction on 'unavoidable accident' in any negligence case is error. * * *" 435 P.2d at 273, 274.

▮ We have examined the persuasive reasoning of the cases cited as well as that of other jurisdictions which have held that the propriety of an instruction on unavoidable accident is discretionary with the court or subject to the factual circumstances of the individual case. We are constrained to agree with those jurisdictions which hold that an instruction on unavoidable accident is confusing, and misleading, and thus error. See Levin v. Union Oil Co., 174 Cal.App.2d 402, 345 P.2d 14 (1959); Hidden v. Malinoff, 174 Cal.App.2d 845, 345 P.2d 499 (1959); Lewallen v. Cardwell, 325 P.2d 1074 (Okl.1958). Instructions on negligence and contributory negligence are sufficient and inclusive of the essence of so-called unavoidable accidents; to instruct specifically on unavoidable accidents serves only to inform the jury twice that the plaintiff cannot recover unless he proves negligence. Such instructions serve as well to suggest to the jury a separate defense for the defendant. To the extent that we have heretofore refused to reverse a decision on the basis of the giving of an unavoidable accident instruction, due to the particular factual circumstances of the case, those previous pronouncements are overruled.

In view of our decision to reverse the trial court's judgment and remand this case for further proceedings, we will not consider the arguments pertaining to appellant's alleged contributory negligence; that question is for determination by the jury, it being an issue upon which reasonable minds may differ.

▮ Appellants assign as error the giving of Instruction Nos. 22 and 23 pertaining to our statutes on regulatory markers and restricted areas in water areas.[2] While

2. "INSTRUCTION NO. 22.

"You are instructed that provision 39–2534 Idaho Code as here applicable provides:

"'(b) 'Regulatory markers' shall mean any anchored or fixed marker in the water or anchored platform on the surface of the water other than aids to navigation and shall include but not be limited to bathing beach markers, *speed zone markers*, information markers, swimming or diving floats, mooring buoys, fishing buoys and ski jumps.'"

"INSTRUCTION NO. 23.

"You are instructed that provision 39–2517 Idaho Code as here applicable provides:

"'RESTRICTED AREAS.—No person shall operate a watercraft within a water area which has been clearly marked, in accordance with, and as authorized by, the laws of the state, by buoys or some other distinguishing device as a bathing, swimming or otherwise restricted area: Provided, that this section shall not apply in the case of an emergency, or to patrol or rescue craft.'"

the applicability of those instructions in this cause appears somewhat questionable, we are constrained to the view that their inclusion was not prejudicial error.

The judgment is reversed and the cause remanded for a new trial. Costs to appellants.

TAYLOR, McFADDEN and SPEAR, JJ., concur.

McQUADE, J., concurs in part and dissents in part.

McQUADE, Justice (dissenting).

I dissent from the majority decision that in this action submission to the jury of the instruction on unavoidable accident was prejudicial error. The record does not demonstrate that the instruction overemphasizes respondent's case.

Moreover, I disagree with the majority pronouncement that giving an unavoidable accident instruction is in any and all circumstances reversible error. Such a prospective general statement should not be made by this Court without benefit of specific argument of counsel directed to that precise point. This Court should, at most, indicate that the general validity of unavoidable accident instructions is under scrutiny.